HON. CHARLES W. WHIPPLE, C. J.
HON. WARNER WING,
HON. GEORGE MILES,
HON. SANFORD M. GREEN,  } JUSTICES.
HON. EDWARD MUNDY,

————OOOOO————

## BRIGHAM ET AL. *v.* GURNEY.

Where the charge of the court to the jury, whether right or wrong, is in favor of the party excepting, it will not be reviewed, on error.

A promissory note payable to bearer, or endorsed in blank, may be sued in the name of an agent who holds it for collection.

ERROR to Oakland Circuit Court.

*T. J. Drake*, for plaintiff, in error.

*Wisner*, for defendant, in error.

*By the court*, WING, J. This is an action of assumpsit, brought by Gurney, before a justice of the peace, upon a promissory note, bearing date Feb. 17, 1844, made payable to William C. Brownell or bearer, for $65, with use, for value received, on or before the first day of January next. The suit was commenced on the 30th June, 1846. The declaration was in the common form, in which the plaintiff as bearer of the note alleges the note was transferred to him.

The defendants plead the general issue, and gave notice that the note was obtained by fraud and deception, and further, that the note is not

the property of the plaintiff, and was never transferred or assigned to plaintiff. The justice rendered judgment for the defendants. From this judgment plaintiff appealed to the circuit court of Oakland county. In the circuit court the plaintiff recovered judgment. On the trial, exceptions were taken to the ruling of the court in admitting and rejecting evidence, and also to the charge of the court; and the cause comes before this court on writ of error and bill of exceptions.

At the trial, defendants offered evidence tending to prove that before the plaintiff became the owner of the note upon which the action is founded, he was fully informed of the facts and circumstances which constitute the defence, and of the fraud and misrepresentations of the person to whom the note was given. The defendants also proved that, at the time the note became due, it belonged to the plaintiff's brother in New York, by the admission of the plaintiff. The defendants also proved that the note was obtained under an express warranty of the soundness of a horse for which it was given.

The court charged the jury that, " if the plaintiff was a mere nominal owner, and that at the time the note became due it belonged to his brother, and his brother had notice of the defence, the defendants could avail themselves of it, and there being no proof that the brother of the plaintiff had sold the note, the jury might infer that he still owned it." To this charge the defendants excepted.

We do not see any necessity for reviewing this portion of the charge, since, whether right or wrong, it supported the ground taken by defendants.

The defendants then desired the court to charge the jury, " that if the plaintiff was not the owner of the note at the time of bringing the action, then the plaintiff could not recover; and the court refused so to charge, but did charge, that although the plaintiff's brother might own the note, yet if it was sent to the plaintiff for collection, he might bring a suit in his own name; in such case, however, the same defence might be made as if the real owner had brought suit in his own name:" to which charge defendants excepted.

It is true, as a general proposition, that the bearer of a note payable to A. B., or bearer, may bring suit upon it, and the law presumes him to be the owner of the note, without further proof of ownership. But if it is clearly proved that plaintiff does not own the note, or *if it is* proved he found it or stole it, he cannot recover.

Brigham *et al. v.* Gurney.

In this case, the charge sought from the judge was not applicable to the case before the jury; the proof was, that plaintiff's brother owned the note at the time it fell due, which was eighteen months previous to the commencement of the suit. This could scarcely tend to prove that plaintiff did not own the note at the time suit was commenced, for he might have purchased it afterwards. Indeed, we think the legal presumption was, that he had purchased it The proof that plaintiff's brother owned it when it fell due, would be but little more than to prove he owned it at the time it was made. If, in behalf of a bearer, the law will presume his ownership of a note in his possession, this presumption will arise as well and as strongly in reference to a note, with the possession of which the payee has parted after it is due, as after it is made; and, unless it be shown that plaintiff did not own it, and had no legal right to control it, to receive payment when suit was brought, the law will presume him (being the bearer) to be the owner. In this case, then, the proof did not present a case for the application of the doctrine which the defendants desired to have applied to it. In behalf of a bearer of a note payable to bearer, and in the case of a blank endorsement, suits have been sustained in the name of the bearer, though it was proven that he only held it for the purpose of collection, without any actual interest in it. 15 Wendell 640; 7 Cowen 174. As the case is presented, the plaintiff may be presumed to be either owner or agent to collect; and in either case the charge would not apply. It does not exclude the idea that plaintiff would fail if he was wrongfully in possession of the note.

The substantial rights of the defendants were in no wise prejudiced by the ruling of the court in this case, and they were permitted to make all kinds of defence without objection, precisely as if suit had been brought in the name of the payee of the note.

We think there was no error.

*Judgment affirmed.*