RACHEL MOORE, ADM'X FOR JOHN A. MOORE v. ROBERT L. HALL, JAMES A. PARENT AND ENOCH W. WIGGINS, ADM'R FOR SAMUEL LOUDEN.

*Indorsee for collection may sue on negotiable paper in his own name.*

An agent to whom negotiable paper is indorsed for collection may sue thereon in his own name.

As the indorsement for such purpose passes the legal title in trust, the authority to collect is not revoked by the death of the owner.

If the evidence respecting the agency to collect a note is ambiguous, the court cannot pass upon it, but must submit it to the jury.

Error to Superior Court of Detroit. Submitted April 6. Decided April 7.

ASSUMPSIT. Defendants bring error. Affirmed.

*B. T. Prentis* for appellant. An agent's authority to sue in his own name is terminated by the death of his prin-

cipal: Story's Agency § 481; Dunlap's Paley's Agency
§ 186; 2 Kent's Com. 643; *Hunt v. Rousmaniere* 8 Whea..
174; the executor or administrator alone can sue: *Morton*
*v. Preston* 18 Mich. 60; *Gilkey v. Hamilton* 22 Mich. 283;
*Hollowell v. Cole* 25 Mich. 345; *Barnum v. Stone* 27 Mich.
334; *Mowry v. Adams* 14 Mass. 327: *Pennell v. Aston*
14 M. &. W. 415; *Fry v. Evans* 8 Wend. 530; *Merritt v.*
*Seaman* 2 Seld. 168.

*Moore & Moore* for defendants.

COOLEY, J. The action in this case is upon a promissory
note made by Hall & Parent payable to the order of Samuel
Moore. On the back of it was the name of Samuel Louden,
and Louden was made defendant as joint maker; his name
having been placed upon the note before it was endorsed by
the payee.

The note was sued by John A. Moore, who produced it
on the trial with the endorsement of the payee upon it.
Respecting the plaintiff's right to sue the following evi-
dence was given by him: Samuel Moore, the payee, was his
father. Shortly before the note became due, his father
endorsed the note and delivered it to him, and directed him
to take it to the bank for collection; that he did take it
there and on the day it fell due took it to Hall, one of the
makers, who said he would fix it, and requested it should
not be protested; that plaintiff nevertheless had it protested
for non-payment, and afterwards brought suit upon it in
his own name. The plaintiff further testified that his father
was dead, and he had been appointed administrator upon
the estate; the death taking place before and the appoint-
ment after the suit was instituted.

Upon this evidence the court was requested to charge the
jury that as the note belonged to the estate of Samuel
Moore, the plaintiff could not recover upon it. This was
refused, and plaintiff had judgment.

It is not disputed that one who holds a negotiable note
for collection may sue thereon in his own name. This was
decided in the case of *Brigham v. Gurney* 1 Mich. 349,

and that case has always been followed without question. But it is contended that the evidence did not show authority in John A. Moore to make collection; it showed only that the note was delivered to him to be taken to the bank for that purpose. We think it showed more than this, or, at least, it justified an inference that the father intended the plaintiff should receive payment; and if the evidence was ambiguous in that regard, the court would not be justified in taking the case from the jury. The jury would certainly have been well warranted in finding that the father intended, by endorsing and delivering the note to the plaintiff, to give him the ordinary authority of collection.

But it is further contended that the death of the father before suit was instituted was a revocation of the authority previously given. This would be so if it were a naked authority; but it was not. The endorsement and delivery for the purposes of collection passed the legal title in trust: *Boyd v. Corbitt* 37 Mich. 52; and the trust is not terminated by the death. It continues at least until the rightful owner intervenes; but in this case, by the subsequent appointment of administrator, that owner happens to be the plaintiff himself.

The judgment must be affirmed with costs.

The other Justices concurred.