LUCIUS D. WATKINS v. CHARLES H. PLUMMER.

<table>
<tr><td>93</td><td>215</td></tr>
<tr><td>f126</td><td>416</td></tr>
<tr><td>93</td><td>215</td></tr>
<tr><td>s58NW</td><td>165</td></tr>
<tr><td>e133</td><td>²698</td></tr>
</table>

*Bills and notes—Action—Venue—Transfer for collection—Parties—Jurisdiction.*

1. An agent to whom a negotiable note has been transferred for collection may bring suit thereon in his own name;[1] citing *Brigham v. Gurney,* 1 Mich. 349; *Lobdell v. Bank,* 33 Id. 408; *Boyd v. Corbitt,* 37 Id. 52.

2. Where the court has jurisdiction of the subject-matter of a suit, it is a general rule that a plea to the merits waives any irregularity in obtaining jurisdiction of the person; citing *Railroad Co. v. Gray,* 38 Mich. 461; *Gott v. Brigham,* 41 Id. 227; *Thompson v. Benefit Ass'n,* 52 Id. 522.

3. An exception to this rule exists when the method of obtaining jurisdiction constitutes a fraud upon the court as well as upon the party.[2]

4. Where a negotiable note is transferred to an agent for collection in order that suit may be brought against an indorser in a county in which neither the owner of the note nor the indorser resides, and the indorser, upon being served with process, pleads to the merits, without being misled as to the real ownership of the note, and with knowledge that a suit thereon need not necessarily be brought in the name of the real owner, and of the legal right of the plaintiff to sue in his own name, the defendant cannot question the jurisdiction of the court upon the ground that the suit was brought in fraud of his rights.

---

[1] See *Wintermute v. Torrent,* 83 Mich. 555.
[2] See *Copas v. Provision Co.,* 73 Mich. 541.

Error to Jackson. (Person, J., presiding.) Submitted on briefs June 24, 1892. Decided October 4, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*George W. Weadock (Thomas A. Wilson,* of counsel), for appellant.

*A. F. Freeman (A. E. Hewett,* of counsel), for plaintiff.

Morse, C. J. The defendant is sued as indorser upon a negotiable promissory note. The plaintiff lives in Jackson county, and brought the action in the circuit court of that county, and recovered a judgment. The defendant lives in Saginaw county, but has business interests in Jackson county which call him there at times. It was shown at the trial that the note in suit was discounted at the People's Bank in Manchester, Washtenaw county, by the defendant, and that the bank was, at the time of the institution of the suit, and at the time of the trial, the owner of the note, but had transferred the same for collection to plaintiff, in order that suit could be planted in Jackson county. The plaintiff is a stockholder and director in the bank, and resides in the township of Norvell, Jackson county, which adjoins the township in Washtenaw county in which the bank is located.

The plea was the general issue, with notice of special defense. The defendant established the fact of the ownership of the note and the purpose of its transfer, and moved for a verdict upon the ground that the suit was brought in fraud of defendant's rights, the note being transferred for the purpose of suing him away from his home.

It does not appear, however, that the defendant was misled as to the real ownership of the note, or submitted

himself to the jurisdiction of the court under any misapprehension of fact. It was known to him when he interposed his plea of the general issue, and thereby submitted himself to the jurisdiction of the court, that the action was not necessarily brought in the name of the real owner, and that an agent for collection was authorized to sue in his own name. *Brigham v. Gurney*, 1 Mich. 349; *Lobdell v. Bank*, 33 Id. 408; *Boyd v. Corbitt*, 37 Id. 52. It is unnecessary, therefore, to determine what would be the proper practice in case a defendant were misled into pleading the general issue by appearances created by the plaintiff. The circuit court for the county of Jackson certainly had jurisdiction of the subject-matter, and where this is the case it is a general rule that a plea to the merits waives any irregularity in obtaining jurisdiction of the person. *Grand Rapids, etc., R. R. Co. v. Gray*, 38 Mich. 461; *Gott v. Brigham*, 41 Id. 227; *Thompson v. Benefit Ass'n*, 52 Id. 522.

An exception to this rule exists when the method of obtaining jurisdiction constitutes a fraud upon the court as well as upon the party, but such is not the case here.

The other points suggested are without merit, and the judgment should stand affirmed, with costs.

The other Justices concurred.