## BATTERSBEE *v.* CALKINS.

1. BILLS AND NOTES — EQUITABLE DEFENSES — SALE AND REPUR-
   CHASE BY PAYEE.

    Where the payee of a note sold it to a *bona fide* purchaser, who
    transferred it to an agent of the payee, it was not free from
    equitable defenses in the hands of such agent.

2. SAME — ATTORNEY AND CLIENT — PRIVILEGED COMMUNICATIONS
   — INSTRUCTIONS TO JURY.

    Where, in an action on a note, defendant claimed that the
    payee had sold the note to an innocent purchaser, and re-
    purchased it through plaintiff, as agent, for the purpose of
    barring equitable defenses, all of which negotiations had been
    conducted by the payee's attorney, it was not error for the
    court, on the examination of the attorney as a witness, to in-
    form counsel that, though the witness would not be compelled
    to produce the correspondence between himself and the
    payee, his failure so to do might be commented on to the
    jury.

3. SAME—PRIMA FACIE TITLE.

    Possession of a note indorsed in blank is *prima facie* evidence
    of a right to sue thereon.

4. SAME—AUTHORITY OF BANK CASHIER.

    The cashier of a bank has presumptive authority to maintain
    an action for the collection of its paper.

Error to Oakland; Smith, J.  Submitted October 10,
1901.    Decided November 4, 1901.

*Assumpsit* by Frank J. Battersbee against Philip
Calkins on a promissory note.  From a judgment for
defendant, plaintiff brings error.    Reversed.

*William H. Aitken,* for appellant.

*Charles F. Collier* (*John H. Patterson,* of counsel),
for appellee.

Hooker, J.   Myers & Co., residents of Niagara Falls, N. Y., were the payees and holders of the note in suit.   It was a negotiable promissory note, payable to their order. It was sold before maturity to the Citizens' Savings Bank of Detroit, under circumstances which admittedly made the bank a *bona fide* purchaser.   It was sold to this bank by E. F. Bacon, the attorney of Myers & Co., to whom it had been sent for collection.   It does not appear whether or not Myers & Co. directed such sale.   Bacon indorsed the note before sale in blank, as Myers & Co. had previously done.   The note went to protest for nonpayment, and subsequently it was indorsed to " any bank or order," over the signature of the Citizens' Savings Bank, and transferred to the State Bank of Croswell, which sent to the Citizens' Savings Bank its check for the amount due upon the note.   The plaintiff is the cashier of the Croswell bank, and testified that he is not the owner of the note, having brought this action for the benefit of the bank. This is a substantial statement of plaintiff's case.

The defendant, who is the maker of the note, sought to show that the note was obtained by fraudulent representations made by an agent of Myers & Co.   He caused Bacon to be called as a witness, who testified that he received the note before maturity for collection, and indorsed and sold the note to the Citizens' Bank, and received payment of the consideration, which he put in the bank to his own credit, and checked out, as he did other money. He testified that he sold the note because he wanted to, and did not know that he was directed to do so by Myers & Co.   It was shown that, after protest of the note, Bacon had a conversation about the note with a stockholder and director of the Croswell bank, who was also its attorney, who said that his bank would take it.   Bacon also wrote the plaintiff, who was cashier of that bank, about the note, as did also the Citizens' Bank, after Bacon had told its officers that the Croswell bank would take the note. The court permitted the jury to find that the purchase of the note by the Croswell bank was collusive, as agent for

Myers & Co.,—holding that, if it was not a purchaser in the ordinary sense, it would not be entitled to set up the *bona fides* of the Citizens' Bank,—and refused to direct a verdict for the plaintiff.

The judge instructed the jury that:

" Upon the third proposition, I need say but little about it, outside of the request that I shall give you, except to say that it does appear, if I am correct, that the note was not indorsed for collection by the bank over to Battersbee, and that the suit was not brought by Battersbee for the use and benefit of the bank, but was brought in his own name, and the plaintiff admits he was not the owner.   Beyond that, I think I need not say anything, except as to what will be covered by the request.   On the part of the defendant I charge you as follows, and the request has a bearing upon the second and third propositions involved in the case:   If the jury find from the evidence that the plaintiff was not the owner of the note in suit at the time the suit was brought ( I have already stated to you that he does not claim to have been the owner when suit was brought), then, under the pleadings, the plaintiff *is* not entitled to recover, unless he has shown affirmatively, by a preponderance of evidence, that he had authority to bring the suit; and I state it in that way because there is no indorsement by the bank at Croswell to the plaintiff, and no authority in writing to bring the suit in his own name is produced at the trial.   I ought to add to that, gentlemen, I think, however, that if the bank did give Mr. Battersbee, as its cashier, authority to collect this note, and he brought suit with full knowledge of the bank, and for its use and benefit, and that is all there is of that part of the case, then you could not refuse collection of the note merely because the suit happened to be brought in the name of Battersbee, rather than in the name of the bank.   But I mean to leave it in shape that, the bank not having used the note or any of the proceeds from Battersbee after collection, the authority to bring suit must have been affirmatively shown by the plaintiff, before he could recover."

The plaintiff's counsel says that, being indorsed in blank, the possession of the note was sufficient proof of plaintiff's right to sue, and that it was error to permit the jury to defeat the plaintiff upon this ground, which they may have done under the charge.

In the case of *Kost* v. *Bender*, 25 Mich. 515, it was held that the payee of a note could not avoid the equities in favor of the maker by repurchasing the note from a *bona fide* holder, to whom he had sold it. This rule should apply in this case, if, as claimed, the transfer to the Croswell bank was colorable only, to cover an actual payment or repurchase by Myers & Co., or by their attorney on their behalf. There was testimony from which this might be inferred; and in this connection we may add that the conduct of the plaintiff and Myers & Co. and their attorney, as well as any concealment or refusal to show the true inwardness of the transaction, were in the case for the consideration of the jury, and it was not error on the part of the judge to so state, or to give the instruction that "I think I should feel obliged to decline to compel him to produce the letters, but you may comment upon it if the case goes to the jury;" and on the argument to the jury defendant's attorney, following the suggestion of the judge, says, "You may take into consideration the attitude of Mr. Bacon on the stand, the interest he has in the case, and the refusal to submit to you the letters and correspondence." There may be cases where such instruction would not be warranted, but, in view of the relation of all of these persons to the transaction, we think it proper in this case. See *Staal* v. *Railroad Co.*, 57 Mich. 239 (23 N. W. 795).

We are of the opinion, however, that the court erred in his instruction upon the subject of plaintiff's ownership. The plaintiff was trying his case upon the theory that the bank owned the note. If it did own it, it was lawful for it to permit suit to be brought upon it in the name of another, and, the note being indorsed in blank, the possession was presumptive evidence of ownership by the plaintiff. Furthermore, the plaintiff was the cashier of the bank, and presumptively authorized to represent the bank in the collection of its paper. Whether the bank owned this paper, or held it as agent for Myers & Co., there was no testimony in the case tending to overcome the presump-

tion that the plaintiff was entitled to bring an action upon the note. He had a presumptive title, he was cashier, and represented the bank in whatever capacity the bank acted (*Boyd* v. *Corbitt*, 37 Mich. 52; *Moore* v. *Hall*, 48 Mich. 143 [11 N. W. 844]; *Coy* v. *Stiner*, 53 Mich. 42 [18 N. W. 552]); and, if it did not act at all in the premises,. there is nothing to show that plaintiff was not authorized to collect the note for whoever owned it.

The judgment must be reversed, and a new trial ordered.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.