REDMANN, Judge.
Defendant applies for the exercise of our supervisory jurisdiction to review the judgment of the trial court, which refused defendant’s motion to dismiss a personal injury action initiated in behalf of a person who was in fact dead eight days at the time suit was filed. More than one year after the accident but within one year of the tort victim’s death, the surviving wife and child sought, under the provisions of C.C. art. 2315, to substitute themselves as plaintiffs in the suit. (Whether death was caused by the tort is not alleged, but defendant treats the case as one where death was not so caused.)
Defendant’s theory is that the original petition was an absolute nullity, and that the attempted substitution was equally without legal effect.
Presumably the suit had been authorized by the tort victim. Death ordinarily terminates mandate, C.C. art. 3027. Nevertheless, if the mandatary is ignorant of the death, his transactions for the principal “are considered as valid”, art. 3032; and if he is aware of the death, “He is bound even to complete a thing which had been commenced at the time of the principal’s death, if any danger result from delay”, art. 3002.
Thus if counsel knew of the client’s death, but prescription were about to accrue (a question we do not here consider; see C.C. art. 2315), counsel would have not only the continuing authority but the continuing duty under art. 3002 to file the suit (although perhaps preferably on behalf of the art. 2315 survivors, even if unnamed, rather than the deceased victim).
And, if counsel were ignorant of the client’s death, art. 3032 would make “valid” his transactions for the client. While the article’s wording is directed more towards contractual transactions, its principle is applicable to all “transactions”, including the filing of a suit at least by analogy under art. 21. If counsel had been authorized to compromise the claim and did so ignorant of the client’s death, the compromise would under art. 3032 have been valid as to both defendant (see also art. 3029) and the client’s successors. In our opinion counsel’s filing of the lawsuit, if done in ignorance of the death, would be equally “valid” and effective, as to both defendant and the client’s successors in interest.
Suits have been considered not nullities although initiated by only one surviving partner on a note due the partnership, Flower v. O’Connor, 17 La. 213 (1841); or by a curator improperly appointed, Blanc v. Dupre, 36 La.Ann. 847 (1884) (or, by substitution in an instituted action, by tutors not yet appointed, McKay v. Southern Farm Bur. Cas. Co., La.App.1960, 123 So.2d 658, cert. denied); or by one co-owner for trespass damages, Becnel v. Wagnespack, 40 La.Ann. 109, 3 So. 536 (1888); or by foreign executors not qualified in Louisiana (where the Louisiana executor subsequently intervened after prescription would have accrued), Boyd v. Heine, 41 La.Ann. 393, 6 So. 714 (1889); or by individuals for *461 tort to their commercial partnership, Wolf & Sons v. New Orleans Tailor-Made Pants Co., 110 La. 427, 34 So. 590 (1903). A note at 9 Tulane L.Rev. 285, 286 (1935), cites French authority that plaintiff need not have the capacity to sue in order to interrupt prescription. This seems consonant with C.C. art. 3518 and R.S. 9:5801, which interrupt prescription by citation of the defendant (or the mere filing of suit in a court of competent jurisdiction and proper venue).
The suit here filed cannot be held a nullity (as might he a suit by a rank inter-meddler). Although its named plaintiff was not, because he died prior to its filing, "a person having a real and actual interest”, C.C.P. art. 681, its filing was authorized under C.C. art. 3032 or 3002, which envision the benefits of the action of an agent of a deceased principal as accruing to the decedent’s successors in interest. Those successors, the art. 2315 survivors, have cured the original defect in party plaintiff by what was, in effect, the amendment of the petition, although designated a “substitution” of parties.
In Boyd v. Heine, supra, the Louisiana-qualified executor successfully used the device of intervention to take over the suit brought by foreign executors not qualified in Louisiana. Perhaps that suit was subject to dismissal (most of those cited were dismissed, but held nevertheless to have interruped prescription), as perhaps was the instant suit prior to the amendment. But the avowed purpose of our 1960 Code of Civil Procedure is to eliminate technicalities in pleading, art. 854, and procedural rules must be construed liberally to implement substantive law and not as an end in themselves, art. 5051. A petition which has a defect remediable by amendment is not to be dismissed today; rather the amendment is to be allowed; arts. 932, 933, 934. Here, the defect complained of has already been removed.
The ruling complained of was correct. The application is denied.