600 P.2d 846

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Mark HADDENHAM,**
**Defendant-Appellant.**

**No. 3951.**

Court of Appeals of New Mexico.

July 26, 1979.

Tom Cherryhomes, Carlsbad, M. J. Collopy, Hobbs, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Sammy Lawrence Pacheco, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Judge.

Defendant, charged as an accessory, was convicted by a jury of residential burglary. He raises five issues on appeal. We will consider four of them: improper instruction and refusal to give two of defendant's requested instructions; denial of effective counsel resulting from the trial court's refusal to grant a continuance of the hearing for a new trial; denial of a new trial; and denial of due process because of fundamental error arising from the aforementioned alleged errors. We do not discuss the fifth contention, failure of the due process resulting from inadequate notice and denial of continuance of a later hearing on defendant's competency to stand trial, since it is the subject of the consolidated appeal, Nos. 3893/3894, determined adversely to appellant and, consequently, of no effect on the consideration of this appeal. The conviction and sentence in this case are affirmed.

1. Error in Instructions.

Defendant's tendered Instruction 1 would have instructed the jury that defendant

himself would have had to do the acts done by the principal in order to be found guilty of the crime of residential burglary. The accessory instruction, U.J.I. Crim. 28.30, was given; its Use Note requires that the essential elements of the crime must also be given. The trial court instructed regarding the elements of burglary committed by the principal, in accordance with U.J.I. Crim. 16.20.

■ There was no evidence to support the requested instruction, i. e., that defendant entered a dwelling house, without permission, with intent to commit a theft therein. There *is* evidence that defendant intended that the crime be committed; that it was committed; and that he helped, encouraged or caused the crime to be committed. The jury was properly instructed, and the court did not commit error in refusing the requested instruction. *See State v. Roque*, 91 N.M. 7, 569 P.2d 417 (Ct.App.1977).

### 2. Refusal to Allow Continuance.

Defendant says he was deprived unconstitutionally of effective assistance of counsel when the court refused, on the day defendant was scheduled for sentencing, to permit a continuance in order that counsel could prepare for an evidentiary hearing on a motion filed that day for a new trial.

■ Counsel recognizes in their brief that allowance of a continuance is discretionary with the trial court. Thus, the issue presented is whether the court abused its discretion rather than whether defendant was denied effective counsel. The record indicates that on the day of sentencing, present counsel entered their appearance on behalf of defendant. A continuance was requested before sentence was imposed upon grounds that counsel wished to "properly prepare and present to the court affidavits and testimony in support of" the motion for new trial.

■ The person charged as principal in the burglary, Davis, was the crucial witness in defendant's conviction, and the "newly discovered evidence" forming the basis for defendant's motion for new trial was Davis's recantation of his trial evidence. He was in the courtroom at the time the request for continuance was made. Defense counsel told the court that he also wanted to call an investigator from the district attorney's office who was on vacation but who had not been subpoenaed. The following colloquy between counsel and the court ensued:

Q. For what purpose would you want Mr. DeLouch?

A. To find out what he knows about Mr. Davis—

Q. What do you believe Mr. DeLouch knows; do you have any reason to believe he knows anything?

A. I would certainly like an opportunity to find out, Your Honor.

Q. Put Mr. Davis on.

Nothing in the foregoing exchange establishes an abuse of discretion in the trial court's refusal to grant a continuance so that defendant could examine Mr. DeLouch. Counsel made no showing that diligence had been exercised to assure Mr. DeLouch's presence. He did not suggest then or later that he be permitted to submit additional affidavits or evidence to supplement the testimony of Mr. Davis and the two other witnesses whom the court heard that day.

■ The record of the hearing does not support the claim on appeal that defendant was denied effective assistance of counsel. He was permitted to, and did, extensively examine the three witnesses in support of the motion; the fact that their presence had been obtained and that counsel's questioning of them exhibited his extensive awareness of the facts testified to at the earlier trial, negates the suggestion on appeal that counsel's effectiveness was minimized by reason of inadequate opportunity to prepare for the hearing.

The abuse of discretion case cited to us by defendant differs radically from the circumstances of this case. The sole basis for the new trial request was "that the testimony of the witness, Yancy Davis, who testified on behalf of the State and against the Defendant in that trial, was perjured." Defendant thoroughly explored that ground in examining Davis and the other witnesses.

*State v. Billington*, 86 N.M. 44, 519 P.2d 140 (Ct.App.1974), relied on by defendant, decided (with a dissenting opinion by Chief Judge Wood) that denial of a continuance to permit the defendant to adequately prepare for the cross-examination of a "critical" witness whose name was added to the State's list of witnesses on the date of trial, was an abuse of discretion. But here, defendant presented his critical witness in support of his motion, together with the testimony of two others, and was unable to express even the slightest hint that the additional desired witness had any evidence to offer on the question of Davis's perjury. We are only concerned with the facts of this case, and under its facts, defendant has not shown to us how he was prejudiced or injured by the trial court's decision to hear evidence on the day the motion for a new trial was filed. *See State v. Blea*, 88 N.M. 538, 543 P.2d 831 (Ct.App.1975). The action taken by the trial court was not capricious, arbitrary, or in disregard of defendant's fundamental rights. *State v. Kincheloe*, 87 N.M. 34, 528 P.2d 893 (Ct.App.1975).

3. Denial of a New Trial.

In the companion appeal referred to above, defendant contended that he should have been allowed to withdraw subsequent guilty pleas to other charges because he was not sufficiently competent to fully understand a Plea and Disposition Agreement entered into at that time. The pleas were made four days after the conviction with which this appeal is concerned, and more than a month before the sentencing and new trial proceedings were held. Defendant extrapolates the argument in the other appeal to a contention here that if he were incompetent to enter the guilty pleas, he was equally incompetent to stand trial earlier that same week.

The affirmance of the trial court's finding of competency in consolidated Nos. 3893/3894 disposes of this point in this appeal. The trial court did not err in denying a new trial.

4. Denial of Due Process by Accumulation of Error.

Defendant calls our attention to an order entered by the district court directing the district court clerk not to honor any notice of appeal because of counsel's failure to comply with certain procedural rules necessary to preserve an appeal. The entry of this order, together with the alleged errors discussed above, are claimed to constitute such fundamental error that defendant was denied a fair trial. We are exhorted: "[I]f fundamental error . . . is not deemed present in this Appeal, it would take pure and fanciful imagination run wild to present a case in which it would exist."

Having decided appellant's other alleged errors against him, only the last-cited instance remains to be considered in connection with this final point on appeal. We have some difficulty relating a post-trial, post-conviction, post-sentencing act of the trial judge with denial of a fair trial. The act itself, however, was erased by a subsequent order of the Supreme Court (in Cause No. 12289, on January 17, 1979) directing that a notice of appeal be accepted, and by the very fact that this appeal was submitted, briefed, and is now decided.

Bearing in mind Chief Judge Wood's observation that "[a]n accumulation of irregularities, each of which, in itself, might be deemed harmless, may, in the aggregate, show the absence of a fair trial," *State v. Vallejos*, 86 N.M. 39, 43, 519 P.2d 135, 139 (Ct.App.1974), it is nevertheless apparent that this case is not one in which an accumulation of irregularities exists. We have determined that the first three issues presented disclose no "irregularities." The last point raised occurred after trial and was rectified under the Supreme Court's superintending powers. Defendant was accorded the full protection of due process and fair trial.

As *Vallejos, supra,* demonstrates, flights of imagination and fancy need not be resorted to in order to strike down convictions obtained through the prejudicial impact of cumulative error. This is not such a case.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

WOOD, C. J., concurs.

SUTIN, J., concurring in part and dissenting part.

**398**

SUTIN, Judge (concurring in part and dissenting in part).

I concur and dissent.

I concur in the points decided in Judge Walters' opinion. I dissent on defendant's Point III raised in this appeal which was not discussed. Defendant claims he was denied due process by reason of the court's failure to provide adequate and timely notice of the hearing on the competency of defendant, or to grant defendant's request for a continuance in order to present expert testimony on defendant's competency.

The record of the proceedings under which this point is raised appears in a companionate case entitled *State v. Haddenham,* No. 3893 in this appeal.

A competency hearing was held on November 10, 1978. Defendant was denied the right to a continuance to have his doctor present to testify as to defendant's competency. Nevertheless, no order was entered determining the competency of defendant.

This cause should be remanded for the purpose of conducting a fair hearing and a determination made of defendant's competency.