600 P.2d 1207

**Eva Mae BRAZFIELD, Executrix of the Estate of Blain Brazfield, Decedent, Plaintiff-Appellant,**

v.

**MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Defendant-Appellee.**

**No. 3997.**

Court of Appeals of New Mexico.

Aug. 14, 1979.

418

Jon T. Kwako, Albuquerque, for plaintiff-appellant.

Douglas A. Baker, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendant-appellee.

## OPINION

WALTERS, Judge.

■ Summary judgments were entered on plaintiff-widow's two-count complaint. Her appeal from judgment on Count I was untimely. Judgment was entered in August 1978, the trial court determining there was no reason to delay a final judgment on that count, R.Civ.P. 54(b)(1), and her notice of appeal was filed more than thirty days later, in January 1979. Rule 3(a), N.M.R. App.R., Civil. When the notice of appeal is not timely filed, the court has no jurisdiction to consider the merits of the issue raised. *See Mabrey v. Mobil Oil Corp.,* 84 N.M. 272, 502 P.2d 297 (Ct.App.1972). Thus the summary judgment entered on Count I is affirmed.

On January 22, 1979, Mountain States Mutual Casualty Company was awarded summary judgment on Count II. In that count plaintiff alleged that a settlement agreement had been reached between the workman's attorney and the compensation carrier for a lump-sum amount to be paid in lieu of weekly payments of total permanent disability compensation. It appears from the depositions taken in the matter that the workman died from an unrelated disease during negotiations, before the alleged agreement was reached. The matter of an attorney's fee remained to be settled. Mountain States denied that a lump-sum agreement had been made but argued successfully below that, nevertheless, the attorney's authority to contract on behalf of the workman was revoked by the workman's death; that an agreement, if any, had not been reached prior to the death of the workman; and that its obligation to

pay compensation benefits, in any event, terminated upon the workman's death. Section 52–1–47(C), N.M.S.A.1978.

It is plaintiff's position that the general rule, i. e., that agency is terminated by death of the principal, should not apply in the instant case because neither the agent (Brazfield's attorney) nor the adjuster were aware of Brazfield's death at the time the settlement allegedly was negotiated.

Defendant cites cases holding to the contrary. None of the cases to which we are referred speak to the agency of an attorney in a workmen's compensation suit or in connection with New Mexico's statutory scheme governing the special procedures, rights and remedies inherent in such suits.

This case is not one in which the plaintiff seeks a widow's entitlement for death caused by the injury for which her husband had been receiving compensation. The record is clear that Mr. Brazfield died of an unrelated physical condition. The only issue to be resolved is whether the attorney's agency terminated with Brazfield's death. If it did, the summary judgment on Count II must also be affirmed. If it did not, the matter must be returned to the trial court to determine whether a compromise lump-sum settlement had been agreed upon by the agent and the insurer which will enure to the workman's estate.

On the question of termination of agency by death, no New Mexico cases were cited to us by the parties and we have been able to find only one. *In re Ward's Estate*, 47 N.M. 55, 134 P.2d 539 (1943), which discussed the question. In that case, a broker had been engaged to sell property for his principal. Noting that at the time of the principal's death the agent had not been successful in obtaining a sale or furnishing a ready buyer, "and his power to sell not being coupled with an interest," the court held the agency revoked by reason of the principal's death.

Thus, although some jurisdictions have applied a rule that if one deals with an agent in good faith and in ignorance of the principal's death, revocation of agency by death takes effect only from the time the agent has notice of this principal's death,[1] it is implied in *Ward's Estate* that New Mexico requires the agency to be coupled with an interest to create an irrevocable agency. Professor Williston says, at § 280 in his treatise, 2 Williston on Contracts, 3d ed., (edited by Professor Jaeger):

> The great weight of authority recognizes this exception to the rule that the death of the principal revokes the authority of the agent appointed by him.

*See also* Annot., *What constitutes power coupled with interest within rule as to termination of agency*, 28 A.L.R.2d 1243, et seq.

In workmen's compensation suits, attorneys fees awarded for successful representation of injured claimants are recoverable *against the employer* as a separate and distinct award, apart from the workman's award. Section 52–1–54(B), (C), (D) and (E), N.M.S.A.1978. The attorney's interest, therefore, is not given for a debt owed by the workman; nor is his interest strictly in the subject matter of the power, i. e., the right to sue or settle on behalf of his client for a work-related injury. But it is solidly fused to the exercise of that right by the principal. The interest certainly is not an interest in the proceeds to be received by his principal; it is a statutorily-created interest peculiarly personal to the attorney, and separate from the workman's award.

In this case, the depositions disclose that the parties were negotiating for a separate payment of attorney's fees; that client and attorney had agreed to a fee equal to 10% of any amount Brazfield received, or whatever larger amount the court might award if a claim for lump-sum settlement were litigated. No case we have found dealing with the agent's interest has been concerned with "split" proceeds—two discrete recoveries. Obviously, in New Mexico, the

---

1. E. g., *Catlin v. Reed*, 141 Okla. 14, 283 P. 549 (1930); *Meinhardt v. Neuman*, 71 Neb. 532, 99 N.W. 261 (1904); *DeWeese v. Muff*, 57 Neb. 17, 77 N.W. 361 (1898); *Moore v. Hall*, 48 Mich. 143, 11 N.W. 844 (1882).

lawyer's role in workman's compensation cases is a unique form of agency insofar as his personal interest in the subject matter is concerned. It is through his status as an agent that he obtains the interest granted by statute, his fee; he cannot assert that interest unless the principal pursues his rights in the subject matter, in which the agent has no personal entitlement. The lawyer's interest, *a fortiori*, is inextricably tied to and a part of the subject matter for which the relationship of principal and agent is entered into.

The protection given to this vested and peculiar interest of the workman's attorney was most recently reinforced by our Supreme Court in *Herndon v. Albuquerque Public Schools*, 92 N.M. 287, 587 P.2d 434 (1978), wherein the trial court was ordered to award attorney fees as an assurance for avoiding the "chilling effect upon the ability of an injured party to obtain adequate representation" which would result from denial of such fees.

■ Nevertheless, there is no avoiding the clear language of the statute which terminates disability compensation benefits upon the death of the injured workman. If there were no benefits available to Mr. Brazfield's estate after his death, there could be no separate fee recovery available to his attorney. Section 52–1–54, N.M.S.A. 1978. In such circumstances there is no interest distinct from the attorney's power to settle which survives the workman's death.

Holding, therefore, that the attorney's power was not coupled with an interest, the summary judgment on Count II is affirmed.

IT IS SO ORDERED.

WOOD, C. J., specially concurs.

SUTIN, J., concurs in part and dissents in part.

WOOD, Chief Judge (specially concurring).

I agree that the appeal as to Count I was untimely; I agree that the summary judgment was proper as to Count II. However,

I do not join in Judge Walters' discussion of the nature of the attorney fee interest in a workman's compensation claim, being of the opinion that such discussion is unnecessary.

The attorney had authority to reach a settlement of the workman's compensation claim. Under *In re Ward's Estate*, 47 N.M. 55, 134 P.2d 539, 146 A.L.R. 826 (1943), that authority was revoked by the workman's death unless the attorney's agency was irrevocable. For the authority to be irrevocable, the attorney must have had a power coupled with an interest.

"In order that a power may be irrevocable because it is coupled with an interest, it is necessary that the interest be in the subject matter of the power and not in the proceeds which will arise from the exercise of the power . . . ." Williston on Contracts (3rd ed. 1959), § 280 at page 300. Annot., 28 A.L.R.2d 1243 at 1250.

The depositions are to the effect that the attorney had authority to settle and would have not more than a 10 percent interest in the proceeds once a settlement was reached. Section 52–1–54(A), N.M.S.A.1978. Death occurred before the alleged settlement was reached. As "interest" is used in "power coupled with an interest," the attorney had no interest in the subject matter (the workman's claim) prior to a settlement being reached. The attorney not having a power coupled with an interest at the time death occurred, the attorney's authority to settle was revoked by the death.

SUTIN, Judge (concurring in part and dissenting in part).

I concur as to affirmance of partial summary judgment but dissent as to affirmance of summary judgment.

Plaintiff filed a claim for relief in two counts: (1) for continued payment of workmen's compensation benefits for disability after death of a workman whose death resulted from unrelated causes and (2) for breach of a settlement agreement entered into between decedent's attorney and defendant subsequent to decedent's death. The trial court granted defendant partial

summary judgment under Count I and summary judgment under Count II.

### A. *Compensation payments ceased upon death of decedent.*

On August 12, 1974, decedent suffered an accidental injury within the course and scope of his employment. Following this injury and to the date of his death on April 17, 1977, defendant paid decedent all workmen's compensation benefits to which he was entitled. Death resulted from causes unrelated to the accidental injury and defendant ceased making any further payments.

Plaintiff contends that the Workmen's Compensation Act is a "support" statute inasmuch as § 52–1–46, N.M.S.A.1978 provides for detailed distribution of compensation benefits to dependents. Therefore, the family is entitled to compensation. The Act is a "support" statute when the workman's death is related to his employment. It is not a welfare statute enacted for the benefit of a family whose breadwinner dies from unrelated causes.

Section 52–1–47(C) states that:

[I]n no case shall compensation benefits for disability continue after the disability ends or after the death of the injured workman;

Plaintiff's argument flows all around this section but never mentions it. Silence on this provision never won a victory on appeal.

"After the death of the injured workman" does need interpretation. Compensation benefits for an injured workman continue after death "if an accidental injury sustained by a workman proximately results in his death." Section 52–1–46. To give effect to subsection (C), logic dictates that compensation benefits shall not continue after the death of an injured workman "if the death results from unrelated causes."

Under a former statute, it was said that the question was not free from doubt. *Cranford v. Farnsworth & Chambers Company*, 261 F.2d 8 (10th Cir. 1958). The following year, the section of the Act that raised the doubt was repealed and the present statute enacted. To seek relief for the continuation of benefits after death that results from unrelated causes, the workman must look to the legislature. The Act must be amended to directly award compensation benefits to dependents of an injured workman "if death results from unrelated causes."

Partial summary judgment was properly granted defendant.

### B. *The authority of an attorney to act continues after decedent's death if the attorney acts in good faith without knowledge of death.*

On or about April 1, 1977, decedent authorized his attorney to settle decedent's compensation benefits. For purposes of appeal only, defendant concedes that a genuine issue of material fact exists on whether a settlement was reached.

Decedent died April 17, 1977. An oral settlement took place on April 19 or 20, 1977. Neither decedent's attorney nor defendant knew of decedent's death prior to the agreement reached.

The trial court granted summary judgment on the theory that the authority of decedent's attorney to agree to a settlement had been revoked by operation of law on April 17, 1977, prior to the time the settlement was effective.

This problem is a matter of first impression in New Mexico. The question to decide is whether the harsh common law rule should be followed, or whether an exception should be made in workmen's compensation cases.

"The general rule is that the death of the client revokes his attorney's authority to act for him." *Hamilton v. Hughey*, 284 Or. 739, 588 P.2d 38, 40 (1978). This rule has been applied to a settlement effected a day after a client's death in an action for damages arising out of an automobile accident. *Pautz v. American Insurance Company*, 268 Minn. 241, 128 N.W.2d 731 (1964). Similarly, decedent's attorney cannot accept an

offer of settlement made by a defendant in a motor vehicle collision case when the acceptance is made after decedent's death. *Mubi v. Broomfield*, 108 Ariz. 39, 492 P.2d 700 (1972). An attorney has no authority to take any steps unless and until authorized by the personal representative of the deceased, duly qualified. *State v. Terte*, 293 S.W.2d 6 (Mo.App.1956). So, it has been held that an attorney has no authority in a compensation case to take an appeal after claimant's death. *Switkes v. John McShain, Inc.*, 202 Md. 340, 96 A.2d 617 (1953).

The attorney-client relationship ceases because the power of an attorney to act is dependent upon the control and direction of the client, which has been withdrawn by death. When applied methodically in every case, the rule is harsh and unfair. Note, *Powers of an Agent After the Death of the Principle*, 44 Harvard L.Rev. 265 (1930–31). Each case must be carefully scrutinized to determine whether the effect of the rule is fair and equitable under the circumstances. Otherwise dependent families or estates may suffer unusual harm even though decedent's attorney acted in good faith and without knowledge of decedent's death.

The Civil Law adopted the same general rule, but with an exception, namely, where an agent performed some act within the scope of his authority, in good faith and without knowledge of the principle's death, the authority would not be terminated. Comments, *Death of Principle as Terminating Agent's Power to Act*, 12 Mo.L.Rev. 50 (1947); *Simms v. Braren*, 252 So.2d 459 (La.App.1971); *Catlin v. Reed*, 141 Okla. 14, 283 P. 549 (1930). *Catlin* and other non-Civil Law states adopted this rule as an additional exception to the general rule.

As a matter of public policy, this exception to the general rule should be adopted in cases involving workmen. The Workmen's Compensation Act is in derogation of the common law. It should not be burdened with common law rules. Over a half century ago, Justice Bratton set the spirit of the Act in *Gonzales v. Chino Copper Co.*, 29 N.M. 228, 222 P. 903 (1924). He pointed out that it was designed "to avoid the appli-cation of certain well-established rules of law which oftentimes worked seeming harsh results . . . ." [id. 232, 222 P. 905.] We should continue in that spirit today.

In the instant case, whether decedent's attorney's authority terminated at decedent's death depends upon whether the attorney acted in good faith and without knowledge of decedent's death. This conduct is a genuine issue of material fact.

Summary judgment on Count II should be reversed.