598 P.2d 1161

Larry W. SPARKS and Roberta C. Sparks, his wife, Plaintiffs-Appellants,

v.

MELMAR CORPORATION, a New Mexico Corporation, Third-Party Plaintiff-Defendant-Appellee,

v.

Leroy WILLIAMS et al., Third Party Defendants.

No. 12111.

Supreme Court of New Mexico.

Aug. 23, 1979.

Wollen & Segal, Ronald T. Taylor, Albuquerque, for plaintiffs-appellants.

Keleher & McLeod, Arthur O. Beach, Albuquerque, for third party plaintiff-appellee.

Coors, Singer, Anaya, Brennan & Stratton, Robert N. Singer, Albuquerque, for third party defendant Leroy Williams.

Shaffer, Butt, Jones, Thornton & Dines, Briggs F. Cheney, Albuquerque, for third party defendant United States Gypsum.

## OPINION

EASLEY, Justice.

Sparks sued Melmar for breach of warranty in the construction of a house, alleging that the wall texturing and paint on the interior walls was continually peeling off. Melmar brought in Williams as a third-party defendant on a claim for indemnification. The trial court granted summary judgment to Melmar, and Sparks appealed. We reverse.

We inquire (1) whether the evidence raises an issue of fact that the defect was due to faulty workmanship or materials, (2) whether the one-year limited warranty provided in the contract applies, (3) whether Sparks was contributorily negligent as a matter of law, and (4) whether Sparks' claim was discharged by an accord and satisfaction.

Sparks moved into the residence in December 1972. Within a month paint and texturing began to chip off of several of the interior walls. Sparks notified Melmar of the problem, and Melmar sent someone out from Albuquerque Dri-Wall, who had subcontracted the construction of the interior walls. The chipped spots were sanded, retextured and repainted in an attempt to repair the defect.

The problem continued, and Sparks again contacted Melmar. This time a representative of U. S. Gypsum, who had manufactured the wallboard, and a representative from Pittsburgh Paint, which had manufactured the paint, were sent out to the Sparks' home. They took samples of the texturing and paint for analysis. Some time later, in 1974, Melmar suggested that a different kind of paint should be tried. Sparks agreed to pay for the paint, and Melmar agreed to supply the labor. In the rooms where chipping had occurred, the

walls were repainted from floor to ceiling. Within six months, the chipping reappeared.

Although Sparks continued to contact Melmar and to complain about the situation, nothing was ever done by Melmar to rectify it. Sparks contacted a painting contractor, who advised them that he would not paint the interior of their home without a signed release because he felt that repainting would merely be a cosmetic measure and that the problem would reappear. Other painting contractors were contacted either by Sparks or Melmar, but the proper repairs were never made.

Paragraph 7 of the Building Agreement provides:

> *Contractor to Remedy Defects.* The Contractor shall remedy any defects due to faulty materials or workmanship, and shall pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of final payment or from the date of the owner's occupancy, whichever is earlier
> . . . .

In June 1977, four and one-half years after moving into the house, Sparks filed suit for breach of contract seeking damages for the defect and for deprivation of the use and benefit of the residence. Sparks also sought damages for mental anguish based on unreasonable harassment. The claim for mental anguish was abandoned by Sparks at oral argument on this appeal.

■ Melmar argues that the defect which occurred within the one-year warranty period was rectified, and that the subsequent problems resulted after the one-year period, and are therefore not compensable. However, the deposition of Ms. Sparks clearly raises an issue as to whether the original defect, which occurred and was reported within the one-year warranty period, was the cause of all the problems complained of.

In determining whether there is a genuine issue of any material fact, the evidence,

including all reasonable inferences therefrom, must be viewed in the light most favorable in support of the right to trial on the issues. *Wisehart v. Mountain States Telephone & Tel. Co.*, 80 N.M. 251, 453 P.2d 771 (Ct.App.1969), *cert. denied*, 80 N.M. 234, 453 P.2d 597 (1969).

■ Melmar also argues that Sparks was contributorily negligent in that the chipping was mainly in areas within five feet of the floor, and may have been caused by Sparks' children riding their tricycles in the house. We would have to hold as a matter of law that Sparks was contributorily negligent in order to sustain this claim. This is patently unwarranted.

■ Next, Melmar argues that the agreement between Melmar and Sparks to repaint the house, wherein Sparks agreed to pay for the paint and Melmar agreed to supply the labor, represented an accord and satisfaction and thereby discharged Melmar from any further liability. In considering the existence of an accord and satisfaction, it must be shown that the debtor made an offer in full satisfaction of the debt, and that the offer was accepted in full satisfaction of the debt. *Smith Const. Co. v. Knights of Columbus, Coun.*, 86 N.M. 50, 519 P.2d 286 (1974). The evidence here does not show that the agreement was ever intended to be in full satisfaction. Ms. Sparks' deposition is evidence that the agreement was to try to repair the defect, and does not indicate that Sparks at any time agreed that the repainting would discharge Melmar from further liability.

■ Finally, Melmar contends that Sparks' claim is barred by the applicable statute of limitations. Melmar recognizes that if the claim is based on a written contract, the applicable statute of limitations is six years. § 37–1–3, N.M.S.A.1978. However, Melmar asserts that the claim is really based on an unwritten contract, to wit: an unwritten warranty. The statute of limitations for an action based on an

unwritten contract is four years. § 37–1–4, N.M.S.A.1978.

Melmar claims that it repaired the defects which appeared within one year as provided in the written contract, but that any defects occurring thereafter were not based on the written contract because they were outside the one-year limited warranty. Therefore, Melmar argues that the action must be based on an unwritten warranty. The decision of this issue also turns on a question of fact. If the original defect was not adequately repaired, and the chipping which occurred after the one-year period was still the result of the original defect which appeared and was reported during the one-year period, then the action would still be based on the written contract. There is ample evidence to raise an issue of material fact as to this point; and granting summary judgment was error.

We reverse and remand to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.

598 P.2d 1165

# SUPREME COURT OF NEW MEXICO

## Denials of Certiorari

| Title | Docket Number | Date of Denial | Opinion below (if reported) |
|---|---|---|---|
| AAMCO Transmissions, Inc. v. Taxation and Revenue Department | 12659 | 8/30/79 | 93 N.M. 389, 600 P.2d 841 |
| Brazfield v. Mountain States Mutual Casualty Co | 12674 | 8/31/79 | 93 N.M. 417, 600 P.2d 1207 |
| County of Bernalillo v. Ames | 12640 | 8/17/79 | |
| Goldsmith v. United Nuclear Corp. | 12660 | 8/30/79 | |
| Haddenham v. State | 12656 | 8/30/79 | 93 N.M. 394, 600 P.2d 846 |
| Haddenham v. State | 12661 | 8/31/79 | 93 N.M. 394, 600 P.2d 846 |
| Uslife Title Co. of Albuquerque v. Campbell | 12657 | 8/30/79 | |
| Valdez v. State | 12650 | 8/30/79 | |
| Vallejos v. State | 12646 | 8/17/79 | 93 N.M. 387, 600 P.2d 839 |

---

## Writ Quashed

| Title | Docket Number | Date of Denial | Opinion below (if reported) |
|---|---|---|---|
| Hyder v. Brenton | 12620 | 8/30/79 | 93 N.M. 378, 600 P.2d 830 |