818 P.2d 1224

**Joseph SHAIN, Plaintiff–Appellee,**

**v.**

**Eva BIRNBAUM and Edward Birnbaum, Defendants–Appellees/Cross–Appellants.**

**No. 13027.**

Court of Appeals of New Mexico.

July 16, 1991.

Lawrence P. Zamzok, Albuquerque, for plaintiff-appellee.

Lawrence R. White, Terri L. Sauer, Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, Mark L. Ish, Santa Fe, for defendants-appellees/cross-appellants.

## OPINION

CHAVEZ, Judge.

■ Plaintiff appeals the trial court's directed verdict in favor of defendant Town of Mesilla. Defendants Eva and Edward Birnbaum (defendants) cross-appeal the jury verdict in favor of plaintiff. Our calendar notice proposed dismissal of both the appeal and cross-appeal. Plaintiff has not filed a memorandum in opposition to the calendar notice and the time for doing so has expired. Therefore, we dismiss plaintiff's appeal. Defendants have filed a memorandum in opposition to our proposed disposition. We note that the memorandum was filed five days late. *See* SCRA 1986, 12–210(D)(3) (Cum.Supp.1990); SCRA 1986, 12–308(B). Not persuaded by defendants' memorandum, we dismiss their cross-appeal.

■ A timely notice of appeal is a prerequisite to a proper cross-appeal. *See* SCRA 1986, 12–201(A) (Cum.Supp.1990). Judgment was entered by the trial court on February 1, 1991. Apparently relying on an erroneous notice of entry of judgment, plaintiff filed his notice of appeal on March 6, 1991, the thirty-third day after entry of the judgment. No motion to vacate or amend the judgment was filed. The notice of the filing of the cross-appeal was filed on March 7, 1991, thirty-four days after entry of the judgment.

Rule 12–201(A) provides:

*If a timely notice of appeal is filed by a party,* any other party may file a notice of appeal within ten (10) days after the date on which the first notice of appeal was served *or within the time otherwise prescribed by this rule, whichever period last expires.* [Emphasis added.]

The plain language of the above rule makes the additional ten-day period of time within which to file a cross-appeal contingent upon the filing of a timely notice of the initial appeal.

Defendants contend their appeal was within the overall time allowed because it was filed within ten days of the date plaintiff's notice was due. This argument is nonetheless contrary to the plain language of Rule 12–201(A), requiring a timely notice of appeal as a prerequisite to a cross-appeal. This court is bound by supreme court rules. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). Further, defendants could have protected their appeal rights by filing their notice of appeal within thirty days of the judgment. Defendants were not required to wait for plaintiff to file his notice of appeal before initiating their appeal. Defendants' failure to timely file their notice of appeal deprives this court of jurisdiction to consider the cross-appeal. *Brazfield v. Mountain States Mut. Casualty Co.*, 93 N.M. 417, 600 P.2d 1207 (Ct.App.1979); *See also Olguin v. County of Bernalillo*, 109 N.M. 13, 780 P.2d 1160 (Ct.App.1989).

For these reasons, and those stated in the calendar notice, plaintiff's appeal and defendants' cross-appeal are dismissed.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.