HAMILTON D. RISLEY, appellant, *v.* ELISHA C. FELLOWS, appellee.

*Appeal from Will.*

The authority of an attorney to receive from the sheriff money collected on an execution in favor of his client, is revoked by the death of his client. The sheriff may retain such money till demanded by the personal representatives of the deceased, and an order of the Court that the sheriff pay over the money to the deceased party or his attorney, should be enjoined on the application of the sheriff.

Judicial proceedings, commenced and prosecuted in the name of a person deceased, are a nullity, and would constitute no bar to another proceeding, in the name of the personal representatives of the deceased, for the same cause.

BILL IN CHANCERY, for an injunction, filed in the Will Circuit Court by the appellant against the appellee, and heard at the October term, 1848, before the Hon. Jesse B. Thomas. The injunction was dissolved by the Circuit Court on motion, and the bill dismissed. The complainant appealed. The facts appear in the Opinion of the Court.

*T. L. Dickey,* for the appellant.

*B. C. Cook,* for the appellee.

A Court will dismiss a bill on motion, where it is manifest that there is no equity in the bill.

If a party neglects to make his defence at law, a Court of

Chancery will not relieve him. *Moore* v. *Bayley*, Bre. 61 ;
*Beaugenon* v. *Turcott*, ib. 126 ; *Greenup* v. *Brown*, ib.
193 ; *Elston* v. *Blanchard*, 2 Scam. 422 ; *Armstrong* v.
*Caldwell*, ib. 420 ; *Buckmaster* v. *Grundy*, 3 Gilm. 626 ;
*Abrams* v. *Camp*, 3 Scam. 290.

A Court of Equity will not undertake to question the
correctness of a judgment at law for irregularity. *Crafts*
v. *Hall*, 3 Scam. 132.

Nor will Chancery review the determination of Courts of
Law in relation to matters properly within their jurisdiction.
*Sampson* v. *Hart*, 1 Johns. Ch. R. 91, 98 ; *Foster* v. *Wood*,
6 do. 87.

The Opinion of the Court was delivered by

TREAT, C. J.   At the May term, 1843, of the Will Cir-
cuit Court, Patrick Doyle recovered a judgment against
Steele & Amer, for $113·96.   E. C. Fellows. Esq., was the
plaintiff's attorney.   An execution was issued on the judg-
ment on the 16th of May, 1843, and placed in the hands of
H. D. Risley, then sheriff, who returned it in August, 1846,
satisfied in full.   He settled the costs of the suit, and paid
to Fellows $26·00 on account of the judgment.   At the May
term, 1848, Fellows, as the attorney of the plaintiff, moved
the Circuit Court for a judgment against Risley for the
amount collected on the execution and not paid over.   Ris-
ley filed an answer to the application, in which he admitted
the balance to be in his hands, expressed his readiness to
pay it to any person authorized to receive it, but alleged as
a reason why he had not paid it to Fellows, and why he
could not safely pay it, that Doyle departed this life in the
year 1844, and that no person had administered on his es-
tate.   At the same term, the Court made an order that
Risley forthwith pay to the plaintiff, or to Fellows, the sum
of $109·64, and interest at the rate of twenty per cent. per
annum, from the return of the execution.   Risley then filed
a bill in Chancery against Fellows and the unknown legal
representatives of Doyle, setting forth the foregoing state of
facts, and reiterating the allegations in his answer, and
praying that the judgment against him might not be enforced.

On this bill, he obtained an injunction. At the succeeding term, the Court, on the appearance of Fellows, sustained a motion to dissolve the injunction and dismiss the bill. From that decision, Risley prosecuted an appeal to this Court.

As the case is here presented, the allegations of the bill must be considered as true. Do they show sufficient cause for the interference of a Court of Equity, to prevent the enforcement of the judgment against the sheriff? The answer must be in the affirmative. The proceeding against the sheriff was carried on, and the judgment obtained, in the name of a dead man. There was, in fact, no plaintiff. The proper parties were not before the Court, so as to vest it with jurisdiction. The proceeding being without vitality, the judgment was a nullity. It would constitute no bar to another proceeding in the name of the personal representative of Doyle. The authority of Fellows to receive payment was revoked by the death of his client; and from that time, the legal right to the money was vested in the personal representative, in whose name alone it could be demanded, and proceedings instituted for its recovery. The sheriff could not safely do otherwise than retain the runds, until demanded by the personal representative. He is not in any default till such demand is made. The demand by Fellows established no official delinquency, for his authority to receive the money being at an end, the demand was nugatory. He had no personal interest in the collection of the money, for all claim on the plaintiff for professional services in the case was fully discharged by the payment made him by the sheriff.

The cases cited by the counsel for the appellee, to show that this defence was available in the proceeding at Law, and therefore cannot be made the basis of a suit in Equity, have no application. There was no vitality in that proceeding; the decision of it could neither conclude the sheriff, nor the representatives of Doyle.·

The decree of the Circuit Court will be reversed with costs, and the cause remanded for further proceedings, with leave to the defendant to answer.

*Decree reversed.*