## HOLT v. IDLEMAN.

</div>

<div style="text-align:center">[54 Pac. 279.]</div>

AUTHORITY OF ATTORNEY AFTER DEATH OF CLIENT.*—Jurisdiction of an appeal cannot be acquired by the admission of service of notice of appeal by the attorney of a party who died prior to such admission, where the attorney had not been retained by the personal representatives of the deceased, who had been substituted, for the reason that the death of a client pending an action or proceeding terminates the authority of the attorney, and the subsequent continuance of the suit by the attorney, in the name of the representatives, without their consent, is unwarranted.

*NOTE.—The following annotated cases have notes on Revocation of an Attorney's Authority by Death of the Client: *Moyle* v. *Landers*, 12 Am. St. Rep. 22–29 ; *Drummond* v. *Crane*, 23 L. R. A. 710, 711.—REPORTER.

From Clackamas :   THOS. A. McBRIDE, Judge.

Motion to dismiss appeal.

<div style="text-align:right">DISMISSED.</div>

*Mr. A. M. Cannon* for the motion.

*Mr. F. T. Griffith contra.*

PER CURIAM.   This is a motion to dismiss an appeal. The transcript shows that on February 8, 1893, the County Court of Clackamas County admitted to probate an instrument purporting to be the last will and testament of Matilda D. Holt, deceased, and issued letters testamentary to C. M. Idleman, the person named in said will as the executor thereof, who qualified and entered upon the discharge of the duties of said trust; that on February 20, 1896, said court, upon the petition of Thomas Holt, surviving husband of the testator, found that said will was void, and revoked the order admitting it to probate, and appointing an executor thereof.   From this decree the excutor appealed to the circuit court of said county; but on October 15, 1896, and before the appeal came on for hearing, Thomas Holt died intestate, and the County Court of Linn County appointed Grant Holt administrator of his estate.   On May 3, 1897, the circuit court, upon a trial of the cause, affirmed the decree appealed from; but on June 2 of that year, upon motion of the executor and suggestion of the death of Thomas Holt, and the appointment of an administrator of his estate, the decree of affirmance was vacated, Grant Holt substituted as contestant, and the decree of the county court reaffirmed.   From this latter decree the executor attempts to appeal, and relies upon the following certificate, indorsed upon the notice of appeal, as the method of obtaining jurisdiction, to-wit: "Due service of the within notice and receipt of a copy thereof admitted, this fifteenth day of September, A. D. 1897, at Oregon City, Oregon.   A. S. Dresser, of Attorneys for Contestant."   Grant Holt, appearing by A. M.

Cannon, his attorney, moves to dismiss the appeal, contending that the death of Thomas Holt revoked the retainer of and discharged Dresser as one of his attorneys, and, not having been retained by Grant Holt, the latter is not bound by the admissions or appearance of Dresser in his behalf, and that the certificate relied upon is insufficient to confer jurisdiction. It appears from affidavits on file, that Thomas Holt retained counsel residing in Linn County, and they engaged Mr. Dresser, an attorney of Clackamas County, who assisted at the trial of the cause in the county and circuit courts. The decree of the latter having been given without knowledge of the death of Thomas Holt, upon the suggestion of that event, Mr. Dresser, supposing he had authority to do so, appeared for Grant Holt, and consented to the several orders so made by the circuit court, and subscribed his name to the indorsement on the notice of appeal. The question presented challenges the jurisdiction of this court, the respondent contending that the provisions of the statute conferring it have not been observed.

Section 531, Hill's Ann. Laws, in prescribing the person upon whom and the manner in which notices shall be served, provides that ''when a party is absent from the state, and has no attorney in the action or suit, service may be made by mail, if his residence be known ; if not known, on the clerk for him. When a party, whether absent or not from the state, has an attorney in the action or suit, service of notice or other papers shall be made upon the attorney, if he reside in the county where the action or suit is pending, instead of the party, and not otherwise.'' Based upon this provision of the statute, it is contended that Dresser, being the only attorney of record residing in Clackamas County, was the proper and only person upon whom the notice of appeal could have

been served.   True, the transcript shows that Dresser
was the attorney for Grant Holt, and, no other attorney
of record appearing for him, the certificate is equivalent
to a service of the notice of appeal upon the attorney of
record ; but this would be insufficient to confer jurisdic-
tion unless the attorney had authority to appear for the
client whom he claimed to represent.   The relation ex-
isting between an attorney and his client is governed in
a great measure by the same rules which are applicable
to other cases of agency.   The client is the principal, and
the attorney is the agent, clothed with apparent general
authority in the management of the cause committed to
him (Story, Ag. [9 ed.], § 24, and note) ; and the same
learned author lays down the general rule that the death
of the principal *ipso facto* revokes the power of the agent,
unless his authority is coupled with an interest : Id. §
488.   Applying this general rule to the relation of attor-
ney and client, it is well settled that the death of the
latter terminates the authority of the former, and that the
subsequent continuance of the suit in the name of the
representatives without their consent is unwarranted :
Weeks, Attys. at Law (2 ed.), § 248 ; 3 Am. & Eng. Enc.
Law (2 ed.), p. 328, and note 3 ; *Campbell* v. *Kincaid*,
3 T. B. Mon. 68 ; *Judson* v. *Love*, 35 Cal. 463 ; *Moyle* v.
*Landers*, 78 Cal. 99 (12 Am. St. Rep. 22, 20 Pac. 241) ;
*Gleason* v. *Dodd*, 4 Metc. (Mass.) 333 ; *Balbi* v. *Dubet*, 3
Edw. Ch. *418 ; *Beach* v. *Gregory*, 2 Abb. Prac. 203 ;
*Putnam* v. *Van Buren*, 7 How. Prac. 31 ; *Risley* v. *Fel-
lows*, 10 Ill. 531.   It is conceded that Mr. Dresser had
ample authority to appear for and represent Thomas
Holt, and honestly believed he had authority from the
attorneys of Grant Holt to represent and act for the lat-
ter ; but an examination of the record before us fails to
disclose any retainer of Mr. Dresser by Grant Holt, either
directly, or by implication, which would authorize an ap-

pearance for him as the administrator of Thomas Holt's estate ; and, such being the case, the notice of appeal was not served on an adverse party, and this court is without jurisdiction, in view of which the appeal is dismissed.

DISMISSED.

WOLVERTON, J., having formerly been of counsel in this case, took no part in its consideration.

Decided 5 December, 1898; rehearing denied 13 February, 1899.