HAMILTON, *Appellant,*
*v.*
HUGHEY, *Respondent.*
(No. 14, 219E, SC 25524)

588 P2d 38

G. Scott Smith, Certified Law Student, argued the cause for appellant. On the briefs was William T. Buckley, Lake Oswego.

D. S. Denning, Jr., Ontario, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, Holman, Tongue, Howell, Bryson, and Lent, Justices.

BRYSON, J.

**BRYSON, J.**

This is a suit to quiet title to plaintiff's property in Malheur County and to remove a judgment lien thereon. The case was submitted to the trial court on cross-motions for summary judgment with a stipulation of facts and affidavits. The trial court denied plaintiff's motion, entered an order allowing defendant's motion which renewed the judgment lien, and entered a decree dismissing the complaint with prejudice. Plaintiff appeals from the order and decree.

The issue in this case is whether the judgment against plaintiff's predecessor in interest in the land was validly renewed so as to renew the lien on the land.

The judgment here involved was obtained by Frank R. Hughey and was docketed on September 2, 1964. This judgment was against plaintiff's parents and plaintiff subsequently purchased the land with notice of the judgment. Mr. and Mrs. Hughey were residents of Idaho where Mr. Hughey, the judgment creditor, died on July 19, 1969.[1]

Mr. Hughey's attorney of record learned of Hughey's death but did nothing about the judgment until August 20, 1974, when the attorney moved in Hughey's name for an extension of the judgment, which the trial court granted by order dated August 23, 1974. The original judgment was to expire September 3, 1974. Mr. Hughey's estate was probated in the county of Canyon, Idaho, in 1974 (the record does not show the exact date). The stipulation of facts states:

> "* * * The said judgment against Merle Hamilton [from whom plaintiff purchased the property] was not mentioned in the Idaho proceedings and Bertha Ellen Hughey did not relate anything about it when she was interviewed by her said Idaho attorneys in connection with the Idaho proceedings."

---

[1] Although Hughey was married, the judgment was in his name alone.

Mr. Hughey's attorney "executed the Motion for Renewal of Judgment under the authority given to him many years before by the said Frank R. Hughey at their initial interview."

This case is before us on the stipulated set of facts and the trial court file.

Plaintiff contends that upon the death of Mr. Hughey, title to his property immediately vested in his heirs subject to the administration of the decedent's estate, and Frank R. Hughey, being dead, was not a real party of interest to the judgment at the time the motion for renewal was filed and the order granting renewal was made. Neither Mr. Hughey's heirs nor the representative of his estate was a party to the motion for renewal of the judgment.

ORS 13.030 provides:

> "Every action or suit shall be prosecuted in the name of the real party in interest, except that an executor or an administrator, a trustee of an express trust, or a person expressly authorized to sue by statute, may sue without joining with him the person for whose benefit the action or suit is prosecuted. * * *"

Plaintiff also contends that the attempted renewal of the judgment was not effective. We agree. ORS 18.360 provides:

> "Whenever, after the entry of a judgment, a period of 10 years shall elapse, the judgment and the lien thereof shall expire. However, before the expiration of 10 years the circuit court in which such judgment was docketed, on motion, may renew such judgment and cause a new entry of the same to be made in the judgment docket, after which entry the lien of the judgment shall continue for another 10 years unless sooner satisfied * * *."

ORS 18.360 does not state on whose motion the judgment may be renewed. Nevertheless, our prior cases have held that the person making the motion to renew must be the real party in interest to the judgment. In *First Nat'l Bk. v. Jack Mathis Gen. Cont.*, 274 Or 315, 324, 546 P2d 754 (1976), the bank had a

written assignment of the judgment but the defendant asserted that the bank had not recorded its assignment and was therefore not "a 'real party in interest' as defined by ORS 13.030" and therefore could not renew the judgment. We held that "the transferee [by assignment] becomes the real party in interest in enforcing the judgment. Since he is the real party in interest for purposes of realizing upon the judgment, he should be entitled to renew it." To the same effect *see Stephens v. Stephens et al,* 170 Or 363, 366, 132 P2d 992 (1943), *overruled on other grounds* in *Shepard & Morse Lbr. Co. v. Clawson,* 259 Or 154, 160, 486 P2d 452 (1971). We conclude that only a person having an interest in the judgment may file an effective motion for renewal thereof within the time prescribed by ORS 18.360.

The defendant asserts that she was the real party in interest to the 1964 judgment since she was Frank Hughey's sole heir under Idaho law. We agree with this statement but for that reason the motion for renewal should have been made by her and filed in her name rather than that of Frank Hughey, who was deceased. The attempted renewal was not effective and the 1964 judgment expired on September 3, 1974. Defendant argues that the failure to renew the judgment would be inequitable and would give plaintiff a windfall. Nevertheless, defendant and her deceased husband had 10 years in which to levy execution on the judgment or renew, as provided by statute, but they each failed to do so.

Defendant also asserts that the attorney had the authority to continue to act for her husband despite his death. The general rule is that the death of the client revokes his attorney's authority to act for him. *Oregon Auto-Dispatch v. Cadwell,* 67 Or 301, 304, 135 P 880 (1913); *Holt v. Idleman,* 34 Or 114, 117, 54 P 279 (1898).

In summary, the judgment in this case was not renewed in the name of the real party in interest and

plaintiff was entitled to a decree removing the judgment lien as a cloud from his title.

Reversed and remanded for entry of a decree consistent with this opinion.