Argued and submitted July 7, 1983, petition for review dismissed July 10, 1984

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# JOHN JOSEPH KAISER,
*Petitioner on Review.*

(TC 10-81-01518; CA A23616; SC 29452)

683 P2d 1004

Ralph A. Bradley, Eugene, argued the cause for petitioner on review. With him on the briefs were Bradley & Gordon, Eugene.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, Salem, and Frank Papagini, Jr., Assistant District Attorney, Eugene.

CARSON, J.

**CARSON, J.**

The petition for review in this case seeks reversal of an order of the Court of Appeals that vacated that court's decision in an appeal from a criminal conviction and dismissed the appeal because of the death of defendant.

Defendant was convicted of Arson in the First Degree based upon the burning of a yellow sheet or rag during a campus meeting. Defendant was sentenced to probation. Conditions of the probation required defendant to: (1) commit no crime; (2) perform 40 hours of community service; (3) pay $35 restitution; (4) serve 10 days in jail; and (5) pay costs of court-appointed counsel to the best of his ability. Defendant appealed the conviction. The Court of Appeals, on December 29, 1982, affirmed the conviction and remanded for a hearing to determine the amount of attorney fees defendant was to be ordered to pay. 61 Or App 217, 655 P2d 229 (1982). On January 3, 1983, defendant died. Pursuant to ORAP 12.11 (then 12.15), the state moved for dismissal. Defendant's former counsel moved for dismissal of the appeal, conviction and indictment.[1] The Court of Appeals ordered that the appeal be dismissed and the Court of Appeals' decision be vacated. Defendant's former counsel, "by and through [defendant's] family," petitioned this court for review of this order. We allowed review.

The initial December 29, 1982, judgment of the Court of Appeals affirming defendant's conviction is not subject to review. No petition for review of that judgment has been filed. We do not reach the merits of defendant's appeal from his criminal conviction.[2]

---

[1] Such a motion is not expressly provided for in the Oregon Rules of Appellate Procedure.

[2] Defendant's co-defendant did petition for review of an identical judgment of the Court of Appeals in her case. We reversed on the basis that the item which was set on fire was not "property" under the statute defining arson. *State v. Whitley*, 295 Or 455, 666 P2d 1340 (1983). This peculiar state of affairs raises serious doubt as to defendant's guilt in the instant case. If we were able to reach the merits, it is a near certainty that defendant's conviction would be reversed. However, the jurisdiction of this court to review the Court of Appeals' judgment in defendant's appeal from conviction was eliminated when defendant died on January 3, 1983, without having filed a petition for review.

We also do not reach the procedural issue raised in the instant case. The threshold question of standing is dispositive. Two rules of appellate procedure are pertinent. ORAP 12.10 states:

"On the death of a party or the replacement of a public official who is a party in a cause pending on appeal, a substitution of party may be made on motion."

ORAP 12.11 (then 12.15) states:

"On abatement of an appeal from a conviction of a crime because of the death of the defendant, the state must move for an order of dismissal."

These two rules state the alternatives. The rules allow substitution of a party upon the death of a civil litigant[3] but require dismissal of a pending appeal upon the death of a criminal defendant.

Further, it is a settled rule of law in Oregon that the death of a party terminates the authority of the party's attorney. *Hamilton v. Hughey,* 284 Or 739, 743, 588 P2d 38 (1978); *Oregon Auto-Dispatch v. Cadwell,* 67 Or 301, 135 P 880 (1913). For that reason, defendant's attorney could not petition for review of the Court of Appeals' judgment or move for dismissal of the cause. Furthermore, defendant's attorney could not petition for review of the Court of Appeals' subsequent dismissal of the appeal on defendant's behalf.

After the death of a party and upon substitution of a personal representative as a party, the decedent's attorney, with consent, may represent the personal representative. *Oregon Auto-Dispatch, supra; Holt v. Idleman,* 34 Or 114, 54 P 279 (1898). As stated previously, however, substitution of a party at the appellate level ordinarily only applies in civil cases. No one may be substituted for a natural person who was a criminal defendant. In the instant case, no substitution of a party was accomplished. Therefore, there was no party to petition for review of the Court of Appeals' judgment. There was likewise no party, except the state, to move for dismissal of the cause. The petition for review of the dismissal of the

---

[3] We assume without deciding that substitution would also be allowed for a replaced or deceased respondent in a post-conviction relief proceeding or in a petition for writ of habeas corpus.

appeal filed by defendant's attorney "by and through [defendant's] family" was not made by a party and is therefore invalid under ORAP 10.05(1).

The petition for review is dismissed.