Argued and submitted March 26, reversed October 29, 1986

TECMIRE,
*Appellant,*
FERRIS et al,
*Respondents,*
*v.*
HOGAN et al,
*Defendants.*
(82-4066-J-1; CA A36596)
727 P2d 138

H. Thomas Andersen, Eugene, argued the cause for appellant. On the brief were Russell D. Poppe, and Speer, Jones & Andersen, Lawyers, P.C., Eugene.

Garrison F. Turner, Medford, argued the cause for respondents. With him on the brief were Betsy F. Byers, W.V. Deatherage, and Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, P.C., Medford.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff appeals from an order which substituted his former judgment debtor Ferris and the Professional Liability Fund (Fund) in his place as plaintiffs in a previously concluded action. We reverse.

In August, 1983, plaintiff was awarded a judgment against the Hogans and the Fosters, who were guarantors of F & H Enterprise's (F & H) performance of a contract to purchase corporate stock from plaintiff. We affirmed that judgment without opinion in June, 1984. *Tecmire v. Hogan,* 68 Or App 925, 683 P2d 172 (1984). Plaintiff also filed an action against Ferris, his former attorney, alleging that Ferris was professionally negligent in failing to protect him by creating security interests in the stock sold to F & H and that, as a result, plaintiff had been unable to repossess the assets of the business. Plaintiff also alleged that he had made reasonable efforts to collect the balance owed on the contract from both F & H and the individual guarantors. In the complaint, he tendered all of his claims against the guarantors to Ferris. The judgment that was entered in plaintiff's favor after a trial on the malpractice claim was not appealed and has been paid in full by the Fund.

In April, 1985, Ferris and the Fund moved in plaintiff's earlier action against the Hogans and the Fosters, purportedly pursuant to ORCP 34E, seeking to be substituted as plaintiffs in that action. They claimed that, by virtue of the Fund's payment to plaintiff of the judgment against Ferris, they had become subrogated to plaintiff's rights against Foster and Hogan. The court granted the motion to substitute without stating any reasons for its ruling.

We address only the issue of whether the substitution was proper.[1] The motion relied on ORCP 34E:

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is

---

[1] In view of our disposition, we need not determine whether the court was required to hold any sort of evidentiary hearing on the motion. The record shows that the judgment debtors were served with the motion, but it does not disclose whether they sought to be heard. *See Cooper v. Sagert,* 111 Or 27, 34, 223 P 943 (1924).

transferred to be substituted in the action or joined with the original party."

We find no case in which that rule, or its federal equivalent, FRCP 25, has been applied to substitute a party after a final judgment in circumstances like these. Although respondents characterize the situation as "equitable subrogation," that characterization is not accurate here, because the "substitution" did not result from the assertion of the right to subrogation in any judicial proceeding to which respondents are parties. *See Cooper v. Sagert, supra,* n 1. We cannot read the rule as prescribing a mechanism for making a subrogation claim. Moreover, ORCP 34E could not be used for its intended purpose in this case because, after the final judgment was entered against the Hogans and the Fosters and affirmed on appeal, there was no longer any "action" that could be continued.[2]

It is not necessary for us to decide what procedures might be available to respondents to prevent appellant from obtaining any amounts to which respondents are entitled by executing on his judgment.

Reversed.

---

[2] At oral argument we raised the question of whether ORCP 71C would allow what was done here. We conclude that that rule is no more available as a subrogation mechanism than is ORCP 34E.