Argued and submitted March 18, reversed and remanded with instructions
June 8, 1994

Ben REUTTER,
*Appellant,*

*v.*

RWS CONSTRUCTION, INC.
and Richard W. Scheu,
*Respondents,*

*and*

BANK OF CALIFORNIA, N.A.,
*Defendant.*

(A8004-02186; CA A78734)

875 P2d 1187

Charles R. Williamson argued the cause for appellant. With him on the briefs were Julie Levie Caron and Kell, Alterman & Runstein.

George J. Gregores and Draneas & Gregores, P.C., filed the brief for respondents.

Before Richardson, Chief Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff's heirs, Roger Reutter, Margorie Newman and Carol Hitchcock, appeal in plaintiff's name from an order vacating an order renewing a judgment, which specifies plaintiff as the judgment creditor. ORS 18.360(1).[1] They assign error to the denial of their motion to renew the judgment in their names as well as the vacation of the order renewing the judgment. We reverse.

In November, 1982, judgment was entered for plaintiff against defendants RWS Construction, Inc. and Richard Scheu.[2] Plaintiff died on August 1, 1989, and in March, 1991, his estate was distributed. The distribution did not make specific mention of the judgment. However, the final account and petition for distribution provided: "The balance of the estate is distributable in accordance with decedent's will and codicil." Plaintiff's will and codicil name Reutter, Newman and Hitchcock as his heirs.

During the summer of 1992, plaintiff's former attorney contacted one of the heirs, who was also the personal representative of plaintiff's estate, and received authority from him to act on behalf of all the heirs to renew the judgment. The motion to renew the judgment was filed in plaintiff's name only, and pursuant thereto, the court entered an order renewing the judgment in October, 1992. Shortly after the ten-year renewal period expired, defendants' attorney contacted the heirs' attorney, apparently contending that the judgment could not be renewed in plaintiff's name. Subsequently, the heirs' attorney filed a motion to substitute the heirs as the creditors on the face of the renewed judgment or, in the alternative, to permit them to proceed with execution

---

[1] ORS 18.360(1) provides, in part:

"Whenever, after the entry of a judgment, a period of 10 years elapses, the judgment and any docketed or recorded lien thereof shall expire. However, before the expiration of 10 years the circuit or district court for the county in which the judgment originally was entered, on motion, may renew the judgment and cause a notation in the register and the judgment docket indicating the renewal of the judgment to be made."

[2] The record indicates that, by stipulation of the parties, defendant Bank of California was dismissed from the original proceeding with prejudice. Although the heirs state that Bank of California is not a party to this proceeding, they included Bank of California as a respondent on appeal. When we refer to defendants, we mean only RWS Construction, Inc., and Scheu.

on the judgment in plaintiff's name. The court denied that motion. Defendants then filed a motion to vacate the order renewing the judgment, which the court granted. We review for errors of law. ORS 19.125.

■ Defendants argue, and the trial court agreed, that this case is controlled by *Hamilton v. Hughey*, 284 Or 739, 588 P2d 38 (1978). In *Hamilton*, the judgment was renewed in the name of the deceased judgment creditor. Neither the decedent's heirs nor the personal representative of his estate were parties to the motion to renew the judgment. The plaintiff, who sought to quiet title in certain real property that was subject to a judgment lien, argued that the decedent was not the real party in interest. The Supreme Court ruled for the plaintiff. It reasoned that, under *former* ORS 13.030, only the real party in interest could file an effective motion for renewal of the judgment within the time prescribed by ORS 18.360, which had not occurred.

*Former* ORS 13.030 (*repealed by* Or Laws 1979, ch 284, § 199) provided, in part:

"Every action or suit shall be prosecuted in the name of the real party in interest, except that an executor or an administrator, a trustee of an express trust, or a person expressly authorized to sue by statute, may sue without joining with him the person for whose benefit the action or suit is prosecuted."

At the time that *Hamilton v. Hughey, supra,* was decided, the requirement to prosecute in the name of the real party in interest was mandatory. *See Stanley, Adm. v. Mueller,* 211 Or 198, 315 P2d 125 (1957).

ORCP 26 superseded *former* ORS 13.030. It provides, in part:

"Every action shall be prosecuted in the name of the real party in interest. * * * *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*" (Emphasis supplied.)

ORCP 26 is based on Federal Rule of Civil Procedure (FRCP) 17(a) and was intended to provide a procedure for dealing with objections as to the real party in interest. *See* Commentary to ORCP 26 (1978). Accordingly, the commentary to the federal code is helpful in construing ORCP 26A. *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 300 n 3, 716 P2d 766 (1986). The commentary to FRCP 17 states:

> "The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.
>
> "This provision keeps pace with the law as it is actually developing. Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed * * *. The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Commentary on FRCP 17 (1966). (Citation omitted.)

In this case, the decedent's heirs sought to have the judgment renewed. Their attorney moved to renew the judgment. However, he captioned the motion in the name of the deceased judgment creditor only. That is one of the situations that ORCP 26A is intended to address. Moreover, the language of ORCP 26A, in contrast to the language of *former* ORS 13.030, provides that "[n]o action shall be dismissed" on the ground that it is not prosecuted in the name of the real party.

■ Defendant argues that ORCP 26A is not applicable because the renewal of a judgment is not "an action." Even assuming that the motion to renew the judgment does not relate to the original action, *see Tecmire v. Hogan*, 82 Or App 19, 22, 727 P2d 138 (1986), ORCP 1A provides:

"Reference in these rules to actions shall include all civil actions and *special proceedings* whether cognizable as cases at law, in equity or *of statutory origin.*" (Emphasis supplied.)

A motion to renew a judgment under ORS 18.360 is a special proceeding of statutory origin and, therefore, is an "action" as used in the Oregon Rules of Civil Procedure.

Defendants also argue that application of ORCP 26A to this action "flies directly in the face of ORS 18.360 which requires the filing of a Motion for Renewal by the real party in interest prior to the expiration of the ten year period." However, ORS 18.360 does not specify who can bring the motion. That requirement is found in ORCP 26. We conclude that *Hamilton v. Hughey, supra*, is no longer controlling authority, because it was based on *former* ORS 13.030.

However, that does not end our inquiry. We must also determine whether the heirs' motion to substitute themselves as parties to the judgment implicates ORCP 34. ORCP 34B provides for the continuation of the action by substitution of parties within one year after a party's death.[3] More than one year expired after the death of plaintiff before the heirs sought to renew the judgment. By its terms, ORCP 34 applies to the substitution of a party during the pendency of the action. *See also Mendez v. Walker*, 272 Or 602, 538 P2d 939 (1975) (applying *former* ORS 13.080, the predecessor to ORCP 34). In this case, the motion to substitute the heirs as parties was made after the judgment was entered and not during the pendency of the action brought by plaintiff. To the extent that the motion to renew the judgment is an "action," plaintiff did not die during the pendency of the motion to renew. Therefore, ORCP 34 is inapplicable.

In summary, we hold that the order renewing the judgment in October, 1992, was a lawful order, even though the judgment was renewed in the name of a deceased creditor.

---

[3] ORCP 34B provides:

"In case of the death of a party, the court shall, on motion, allow the action to be continued:

"B.(1) By such party's personal representative or successors in interest at any time within one year after such party's death; or

"B.(2) Against such party's personal representative or successors in interest at any time within four months after the date of the first publication of notice to interested persons, but not more than one year after such party's death."

Plaintiff's heirs are the lawful successors in interest to the judgment, and they caused it to be renewed in a timely manner. ORCP 26 authorizes the court to amend the renewed judgment to reflect that the heirs were the real parties in interest at the time of renewal. Accordingly, the trial court erred when it vacated the judgment.

Reversed and remanded with instructions to reinstate order renewing judgment and to substitute Roger Reutter, Margorie Newman and Carol Hitchcock as plaintiffs.