Argued and submitted March 16, reversed and remanded June 29, petition for review
denied October 18, 1994 (320 Or 272)

Paul JENSEN,
doing business as
Precision Applications, Inc.,
*Appellant,*

*v.*

Michael ALLEY,
*Respondent.*

(92-CV-0009-33; CA A79683)

877 P2d 108

Lloyd B. Ericsson argued the cause for appellant. With him on the opening brief was Ericsson & Egan. With him on the reply brief were Philip S. Harris and Ericsson & Egan, P.C.

William J. Storie argued the cause for respondent. With him on the brief were Gordon J. Evans and Holmes, Hurley, Bryant, Lovlien & Lynch.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

In this action for contribution, ORS 18.430 *et seq*, plaintiff appeals from a judgment of involuntary dismissal for insufficiency of the evidence. ORCP 54B(2). Defendant cross-assigns error to the trial court's ruling that allowed plaintiff to seek contribution in excess of his liability insurance deductible. We reverse.

In July, 1990, defendant Alley, a farmer, hired plaintiff Jensen, a crop duster, to spray insecticide on defendant's mint crop. Adjacent landowners, Robert and Roberta Vanek, brought trespass and negligence claims against both plaintiff and defendant, alleging that the insecticide sprayed by plaintiff had damaged their pollinating bees and carrot seed crop. Before trial in that case, plaintiff's insurer settled all of the Vaneks' claims against both plaintiff and defendant for $60,000.[1] The Vaneks' claims against both plaintiff and defendant were then dismissed. Defendant did not participate in the settlement.

In April, 1992, plaintiff filed this action for contribution, alleging that defendant was negligent and that plaintiff had paid in excess of his proportional share of the liability in the settlement with the Vaneks. ORS 18.440. On the day of trial, defendant made a preliminary motion to exclude evidence of the settlement between plaintiff and the Vaneks, and argued that plaintiff's proof of damages should entail proof of the entire case that was or could have been proven by the Vaneks against plaintiff and defendant. The trial court ruled that evidence of the settlement was admissible, but that "plaintiff would have to prove all the damage and liability details of the underlying case brought by Vanek [*sic*]." Plaintiff was neither prepared nor willing to present such a detailed case at that time. The parties then stipulated that plaintiff could make an offer of proof to set forth the case that he was prepared to prove and further agreed that the offer of proof would serve as the basis for the trial court's judgment.

Plaintiff's offer of proof included testimony regarding defendant's liability, a copy of the complaint in the Vaneks' underlying action and a copy of the release settling

---

[1] Defendant asserts, and the record confirms, that plaintiff personally paid only $1,000, representing his deductible, toward the settlement with Vanek.

the Vaneks' claims against both plaintiff and defendant for $60,000. At the conclusion of plaintiff's offer of proof, defendant moved for involuntary dismissal of plaintiff's case for insufficient evidence. ORCP 54B(2). In granting defendant's motion, the trial court concluded that plaintiff's offer of proof contained sufficient facts to establish a *prima facie* case of common liability, but that plaintiff had not shown damages with sufficient specificity.[2]

■    The first question on appeal is our scope of review. Plaintiff cites *Kahn v. Weldin*, 60 Or App 365, 373, 653 P2d 1268 (1982), *rev den* 294 Or 682 (1983), for the proposition that we review a contribution claim *de novo*. However, plaintiff appeals from an ORCP 54B(2) judgment of dismissal that, because it did not recite that it was with prejudice, is a dismissal without prejudice. ORCP 54B(4). The scope of review from an ORCP 54B(2) judgment of dismissal without prejudice is limited to whether plaintiff established a *prima facie* case. *Gearhart v. Employment Div.*, 99 Or App 601, 603-04, 783 P2d 536 (1989), *rev den* 310 Or 70 (1990). *Prima facie* evidence is "that degree of proof which, unexplained or uncontradicted, is alone sufficient to establish the truth of a legal principle asserted by a party." *State v. Rainey*, 298 Or 459, 463, 693 P2d 635 (1985).

■    The right to contribution among joint tortfeasors is governed by statute. ORS 18.430 *et seq*; *Blackledge v. Harrington*, 291 Or 691, 694, 634 P2d 243 (1981). ORS 18.440 is Oregon's version of the Uniform Contribution Among Tortfeasor's Act (UCATA). The purpose of the UCATA is to encourage rather than discourage settlements. *See* Commissioner's Comment to Section 1(d), 12 *Uniform Laws Annotated* 65 (1975). No Oregon cases have specifically set forth

---

[2] The trial judge said:

"In this case the Court has previously held that it believes that * * * in relationship to the issue of there being no evidence in what Plaintiff would propose to present into evidence in this matter in his offer of proof, as far as them being, having common liability to Mr. Vanek, I think there is evidence of that that could go to the trier of fact and I will deny the motion in relationship to that. In relationship to the issue of producing evidence and providing evidence of what the amount, the reasonable amount of liability is for Vanek in this case, in this matter, I believe, that, first, based on the pleadings that are before the Court and, second of all, based on the statutory authority that, as I see it, that has not been provided in the offer of proof and I'll grant the Defendant's motion in relationship to that particular motion."

the elements required to establish a *prima facie* claim for contribution under ORS 18.440.[3]

■     The four elements of a claim for contribution are apparent on the face of ORS 18.440. They are:

(1)   joint liability in tort for the same injury (ORS 18.440(1));

(2)   payment by the contribution plaintiff of more than a proportional share of the common liability (ORS 18.440(2));

(3)   settlement extinguishing the contribution defendant's liability for the injury or wrongful death (ORS 18.440(3)); and

(4)   settlement that was not in excess of what was reasonable for the injury or wrongful death (ORS 18.440(3)).

*See also Ogle v. Craig Taylor Equipment Co.*, 761 P2d 722, 725 (Alaska 1988).

■     Defendant does not cross-appeal and does not cross-assign error to the trial court's finding of common liability. Neither party contends that there was insufficient evidence of the second or third elements. Thus, the sole issue is whether plaintiff's offer of proof contained sufficient evidence to make a *prima facie* case that plaintiff's settlement with the Vaneks was not in excess of what was reasonable. Plaintiff argues that the trial court erred in requiring him to prove with specificity all of the damages in an underlying claim by the Vaneks. He asserts that a contribution plaintiff need prove

---

[3] ORS 18.440 provides, in part:

"(1) Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant.

"(2) The right of contribution exists only in favor of a tortfeasor who has paid more than a proportional share of the common liability, and the total recovery of the tortfeasor is limited to the amount paid by the tortfeasor in excess of the proportional share. No tortfeasor is compelled to make contribution beyond the proportional share of the tortfeasor of the entire liability.

"(3) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is *in excess of what is reasonable.*" (Emphasis supplied.)

only the fact and amount of settlement to establish its reasonableness. Defendant contends that "plaintiff failed to establish a *prima facie* case of contribution as required by ORS 18.440 and presented evidence insufficient to sustain its claim as a matter of law."

■ ORS 18.440(3) does not require a contribution plaintiff to prove all of the damages suffered by the underlying plaintiff in order to recover from the contribution defendant. Rather, the focus of the statute is on the *reasonableness of the settlement* between the contribution plaintiff and the underlying plaintiff. It protects a contribution defendant from having to pay contribution toward a settlement that was in excess of what was reasonable.

If a contribution plaintiff is not required by ORS 18.440(3) to prove all of the damages suffered by the underlying plaintiff in order to recover from the contribution defendant, such a level of proof cannot be the requirement for a *prima facie* case. The issue, therefore, is whether plaintiff presented sufficient evidence of the reasonableness of his settlement with Vanek.

Plaintiff's offer of proof included a copy of the Vaneks' complaint against plaintiff and defendant alleging a crop loss of approximately 78 percent and total damages of $87,221.50. The offer of proof also included a copy of the release settling the Vaneks' claims for $60,000. Those documents were sufficient evidence from which a factfinder *could* conclude that the settlement was reasonable. Plaintiff therefore presented a *prima facie* case of reasonableness under the contribution statute. The trial court erred in granting defendant's motion to dismiss.

■ Defendant cross-assigns error to the trial court's ruling that plaintiff's contribution claim was not limited to $1,000, the amount of his deductible. He argues that plaintiff should not be allowed to recover in excess of $1,000, because the insurance company, not plaintiff, is the real party in interest as to the additional $59,000 of the settlement. Plaintiff contends that it was unnecessary to name the insurance company, because plaintiff's insurer had previously filed a ratification with the court pursuant to ORCP 26A.

ORCP 26A provides, in part:

"Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for *ratification* of commencement of the action by, or joinder or substitution of, the real party in interest; and such *ratification*, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." (Emphasis supplied.)

ORCP 26A is based on Federal Rule of Civil Procedure 17(a). *See* Council on Court Procedures, Staff Comment to ORCP 26, reprinted in Merrill, *Oregon Rules of Civil Procedure*: 1992 Handbook 69 (1991). The purpose of the real party in interest requirement is to protect the defendant from being again harassed for the same cause of action. *Verret v. Leagjeld*, 263 Or 112, 114-15, 501 P2d 780 (1972); *Reutter v. RWS Construction, Inc.*, 128 Or App 365, 875 P2d 1187 (1994); *see also Prosperity Realty, Inc. v. Haco-Canon*, 724 F Supp 254 (SDNY 1989).

■     Case law discussing the use of ratification in lieu of substitution or joinder to satisfy the real party in interest rule is rare. Its principal area of application appears to be cases such as this one, where an insurer who has paid all or a part of a claim is subrogated to its insured's right of recovery but does not want to pursue the action in its own name. Ratification consists of the real party in interest filing a certificate that the present plaintiff is authorized to prosecute the action for its benefit, and that the real party in interest agrees to be bound by the final determination in the case. *Pace v. General Electric Company*, 55 FRD 215, 219 (WD Pa 1972). Its application was demonstrated in *Hancotte v. Sears, Roebuck & Co.*, 93 FRD 845, 846 (ED Pa 1982), where the court denied the defendant's motion for joinder of an insurance company, holding that the ratification agreement afforded the defendant the same protection against subsequent actions that was provided by FRCP 17(a). *See also Southern Nat. Bank of Houston, Tex. v. Tri Financial Corp.*, 317 F Supp 1173, 1188 (SD Tex 1970), *aff'd in part, vacated in part, on other grounds* 458 F2d 688 (5th Cir 1972).

In this case, plaintiff's insurer filed a document with the trial court, entitled "RATIFICATION," that incorporated the caption for this matter and stated:

"[Plaintiff's insurer] agrees to be bound by the decision rendered in such action and not to bring any separate action in its own name and right against [defendant]."

The document was signed by plaintiff's attorney as "Attorney in Fact" for plaintiff's insurer.

Given the purpose behind the real party in interest rule, we can see no reason why the ratification procedure used by insurer, and authorized in ORCP 26A, should not allow plaintiff to seek contribution for the entire amount of the settlement with the Vaneks. The ratification filed by plaintiff's insurer will protect defendant from any subsequent action. It places defendant in the same position he would have been in if insurer had executed a loan receipt.

The trial court did not err in allowing plaintiff to seek more than the $1,000 deductible in his contribution claim against defendant.

Reversed and remanded.