No. 1033         December 3, 2025         297

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TODD MIKAL STAFNEY,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV33967; A182001

J. Burdette Pratt, Senior Judge.

On respondent's motion to dismiss filed April 16, 2025, appellant's response filed April 25, 2025, and respondent's reply filed May 2, 2025.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, for petition and reply.

Margaret Huntington and Equal Justice Law for response.

Before Egan, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Appeal dismissed.

**LAGESEN, C. J.**

This is an appeal from a judgment denying post-conviction relief. Petitioner has died and the superintendent has moved to dismiss as moot. We have received no motion to substitute petitioner's personal representative for petitioner. We have, however, received a response from petitioner's lawyer arguing that the case should not be dismissed as moot. Petitioner's lawyer contends that, notwithstanding petitioner's death, we should resolve the appeal on the merits because, in petitioner's lawyer's view, resolution of the appeal in favor of petitioner would alleviate the social stigma to petitioner's estate resulting from petitioner's convictions and potentially allow for petitioner's estate to pursue a malpractice action. For the reasons to follow, we dismiss the appeal as moot.

As an initial matter, we assume without deciding that, upon proper substitution, a post-conviction petitioner's estate may, at least in some circumstances, prosecute an appeal in a post-conviction proceeding following the petitioner's death. A post-conviction proceeding is a civil case, not a criminal case, and such substitution is typically permitted in civil cases. *Ogle v. Nooth*, 365 Or 771, 781 453 P3d 1274 (2019) (post-conviction proceeding is a civil case); *see State v. Kaiser*, 297 Or 399, 402 n 3, 683 P2d 1004 (1984) (assuming without deciding that substitution of a personal representative would be permissible in a post-conviction or habeas corpus appeal).[1] Absent substitution, though, dismissal of such an appeal

---

[1] By contrast, when a criminal defendant dies during the pendency of a criminal appeal, no substitution is permitted. Instead, in general, if the defendant's appeal would result in reversal of the conviction if successful, then the judgment of conviction is vacated, and the appeal is dismissed. *State v. Hemenway*, 353 Or 498, 505-506, 302 P3d 413 (2013); ORAP 8.05(2). Oregon has not adopted a similar rule with respect to post-conviction proceedings. Other jurisdictions have taken a similar approach. *See State v. Salazar*, 123 NM 778, 786-87, 945 P2d 996 (1997) (holding that when a defendant dies during a direct appeal, and no party moves for substitution, the action will abate *ab initio* but if a petitioner dies during the pendency of post-conviction appeal, the petition will be dismissed as moot and the verdict will stand); *State v. Reed*, 248 Ariz 72, 75, 456 P3d 453 (2020) ("After a defendant's conviction and sentence have been affirmed *** they do not abate if the defendant dies pending other actions, such as discretionary appeals and post-conviction relief proceedings."). The practice of vacating a criminal defendant's conviction when the defendant dies during a direct appeal in which the defendant challenges the conviction and dismissing the appeal is commonly known as "abatement." *See e.g.*, EDWARD H. COOPER, 13C Federal Practice and Procedure, § 3533.4 (3d ed. 2025).

generally will be warranted on the ground that no party has standing to prosecute it. *Cf Kaiser*, 297 Or at 402-03 (dismissing petition for review filed by lawyer in the Supreme Court after the lawyer's client had died because no party had standing to file it). Those principles would seem to point to the dismissal of this appeal. Petitioner has died, there has been no motion to substitute a personal representative, and his lawyer does not have standing to prosecute the appeal following petitioner's death. As the Supreme Court has explained, "it is a well settled rule of law in Oregon that the death of a party terminates the authority of the party's attorney." *Id*. at 402. As it stands, then, petitioner's death means that there is currently no party to the appeal who has standing to prosecute it.

Timing, however, poses one impediment to concluding that dismissal is warranted on that basis. The Oregon appellate courts have adopted ORCP 34 to govern substitution of parties in civil cases on appeal. ORAP 8.05(1) ("[ORCP] 34, relating to substitution of parties in civil cases, is adopted."). ORCP 34, in turn, provides that a personal representative may move to continue a proceeding "at any time within a year" of a party's death. In this case, it has not been a year since petitioner's death, making it premature to dismiss for lack of substitution. For that reason, we decline to dismiss this appeal on the ground that there is no party to prosecute it.

Accordingly, we turn to the question of whether petitioner's death moots this appeal. We conclude that it does. The question raised in this appeal is whether petitioner's trial lawyer's failure to pursue a particular defense at petitioner's criminal trial prejudiced petitioner's defense. As the superintendent points out in the motion to dismiss, "the most relief petitioner could obtain in his post-conviction proceeding is a new trial, yet no such new trial could take place without a living defendant." Resolution of the question of whether petitioner should have been granted a new trial based on his lawyer's performance is academic, now that such a trial cannot take place.

Beyond that, we are not persuaded that resolution of the question would eliminate any consequences to petitioner's interests that potentially survive his death. Resolution

of this appeal would not likely affect petitioner's reputational interest or allow for a malpractice claim against his former criminal defense attorney.

As for reputation, we acknowledge that a person's reputational interest can survive death and might, in some instances, supply a basis for resolving a post-conviction case posthumously. For example, if prevailing in a post-conviction appeal would mean that the petitioner would be entitled to the remedy of the entry of a judgment of acquittal, or some other form of relief that effectively exonerated the petitioner, that might supply a basis for concluding that the petitioner's death did not moot the appeal. In this instance, though, the relief to which petitioner would be entitled would do little to redress any reputational injury. That is, a conclusion that petitioner is entitled to a new trial because of his lawyer's failure to pursue a particular defense at petitioner's first trial would not likely, of its own accord, do much to clear petitioner's name where, as here, it is impossible to conduct the retrial.

For similar reasons, resolution of this appeal also would not pave the way for petitioner's estate to pursue a malpractice claim against petitioner's criminal defense attorney. Under Oregon law, a malpractice claim generally does not accrue against a criminal defense lawyer until the client has been "exonerated" from the offenses (or sentences) alleged to have resulted from the lawyer's professional services. *Stevens v. Bispham*, 316 Or 221, 238, 851 P2d 556 (1993). Here, a grant of post-conviction relief to petitioner would not have precluded the state from retrying him. Consequently, as we understand *Stevens*, a determination that petitioner would have been entitled to a new trial would not of its own force result in the type of "exoneration" required to give rise to a malpractice claim.

In sum, on these facts, we are persuaded that the resolution of the question whether trial counsel's failure to pursue a particular defense at trial would have required that petitioner receive a new trial can have no practical effect on any interest of petitioner that survives his death. We therefore dismiss the appeal.

Appeal dismissed.